PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 4-25-25 (DATE) FOR MAILING
(STAFF INITIAL) (I/M INITIAL)

COURT OF APPEALS

**IN THE UNITED STATES ~~DISTRICT COURT~~**
**FOR THE ELEVENTH CIRCUIT OF FLORIDA**

U.S. COURT OF APPEALS
RECEIVED
CLERK
MAY 06 2025
ATLANTA, GA

JOHN J. WILSON, JR.,
*Appellant,*

USCA No.: 25-10415-'GG'

Vs. District Court Case No.: 3:24-CV-00616-MW-HTC

RICKY D. DIXON, SEC. FLA. DEP'T. OF CORR.;
AMANDA RALPH, ASST. WARDEN;
COLONEL JACKSON, WALTON CORR. INST., et al.,
*Appellees.*

_____________________/

**APPEAL OF ADOPTION OF THE MAGISTRATE'S "ORDER, REPORT, AND RECOMMENDATION" FROM THE PENSACOLA DIVISION OF THE NORTHERN DISTRICT OF FLORIDA THAT *APPELLANT* BE PRECLUDED FROM PROCEEDING IN *FORMA PAUPERIS* (IFP), PURSUANT TO 28 USC § 1915(g), UNDER THE "*IMMINENT DANGER OF SERIOUS PHYSICAL INJURY*" EXCEPTION**

## I. INTRODUCTION

On December 9, 2024, *Appellant* filed a civil rights complaint pursuant to 42 USC § 1983 against various officials of WALTON CORRECTIONAL INSTITUTION in Defuniak Springs, Florida, where *Appellant* was being imprisoned, and the Secretary of the Florida Dep't of Corr., RICKY D. DIXON, based on a string of occurring incidents evidencing a "concerted campaign" of sadistic torment and systematic retaliation for exposing material evidence of a state-wide

money laundering scheme facilitated and paid with State of Florida tax payer funds by and through the State of Florida Justice Administrative Commission (herein "JAC"), thoroughly documented in collateral filings under related case No.: 1:24-CV-24815-AHS. *See* D.E.'s [10], [17], [19], and [20]; *See* also related evidence filed under collateral 42 USC § 1983 complaint No.: 3:25-CV-00020-MCR-HTC, pending ruling in the District Court of the Northern District of Florida.

On February 25, 2025, the Hon. MARK E. WALKER, Chief Judge of the Northern District GRANTED *Appellant's* Motion to Appeal *IFP*, based on a determination, "[a] reasonable jurist may disagree that his allegations were insufficient as merely conclusory," as to whether *Appellant's* assertions in his complaint were sufficient to demonstrate "imminent danger," pursuant to 28 USC § 1915(g), and that plaintiff be GRANTED leave to proceed *IFP* to pursue his complaint on appeal. This appeal is what follows:

## II. <u>STATEMENT OF FACTS</u>

1. On pg. 16 of 28 of the instant complaint, *Appellant* forthrightly asserts, "I informed Psych. Counselor of 'imminent threat' the afternoon of 11/15/24, but [Colonel] JACKSON

advised I should not be moved from the cell where the sexual assault had taken place later that evening. These facts can be confirmed by the [unnamed] psychological professional at WALTON who memorialized Colonel JACKSON's behavior for the official record of internal notes documenting the sexual assault on 11/15/24."

2. Then, *Appellant* went on to document the fact the same aggressor was actively "stalking" him throughout the WALTON prison compound after both victim and perpetrator were later released from administrative confinement to general population. All related and detailed *Appellant's* objections to the Magistrate's ORDER, REPORT, AND RECOMMENDATIONS, precipitating Judge WALKER's ORDER issued on February 25, 2025, that *Appellant's* Motion to Proceed *IFP* be taken in "good faith," pursuant to 28 USC § 915(a)(3): "good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard." (quoting pg. 1 of Judge WALKER's 2/25/2025 ORDER. *See* Burgess v. United States, No.: 4:11-CV-76, 2011 WL 1740504, *1 (S. D. Ga. May 5, 2011) (citations omitted).

## III. STANDARD OF REVIEW

3. To invoke the exception to § 1915(g), *Plaintiff* must allege and provide specific allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Niebla v. Walton Correctional Institution, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006).

4. According to the Eleventh Circuit in Brown v. Jackson, 387 F. 3d 1344, 1350 (11th Cir. 2004), "[T]he issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the Court must look to the complaint which must be construed liberally, and the allegations of which must be accepted as true. *See* Id.; Jackson v. Reese, 608 F. 2d 159, 160 (5th Cir. 1979); McAlpin v. Toney, 281 F. 3d 709, 710 (8th Cir. 2002).

5. Furthermore, a claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed *IFP* pursuant to the imminent danger exception. Medburry v. Butler, 185, f. 3d 189, 1193 (11th Cir. 1999) (Holding that

exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in Admin. confinement prior to filing of his complaint.)

## IV. LEGAL ARGUMENT

6. In this case, the incident documented occurred on November 15, 2024, from administrative confinement. *Plaintiff* filed his § 1983 claim after he and his subject aggressor were released from confinement onto the open prison compound of WALTON on December 9, 2024.

7. *Plaintiff,* therefore, adequately demonstrates he was under imminent threat of serious physical injury at the time of the filing of his complaint, and that the threat or danger of serious physical injury was imminent, based on the fact his aggressor was physically turned loose onto the WALTON prison compound to harass, threaten, and torment him with bodily harm for his efforts to seek justice and protection in the subject matter in question, and that the WALTON staff acted with *deliberate indifference* after *Plaintiff* grieved and reported these violent threats.

8. In Brown v. Johnson, 387 F. 3d 1344, 1350 (11th Cir. 2004), the Court found that the "PLRA" did not deprive a prisoner of his right to amend the complaint through his objections pursuant to Fed. R. Civ. P. 15(a). The Court in that case held that the District Court abused its discretion in dismissing the "amended" complaint, through the filing of *Plaintiff's* objections to the Magistrate's report. His complaint, as a whole, with the objections included, alleged imminent danger of serious physical injury, as required under 28 USCS § 1915(g). Id.

9. Judge WALKER's GRANTING of *Appellant's* Motion to thus Appeal *IFP* seems to positively take into consideration these legal arguments encapsulated, as legal doctrine by this Court in the cases cited hereto with respect to *Appellant's* instant claims, and his ability to proceed in the District Court with his case *IFP*.

## V. CONCLUSION

10. An unbiased review of *Appellant's* instant complaint objectively reveals that he has not only alleged, but most certainly demonstrated that he was under imminent danger of

serious physical injury at the time of the filing of the complaint on December 9, 2024. Evidence filed in collateral cases must also be a determining factor in the Court's consideration of *Appellant's* claims, pursuant to the Federal Rules of Evidence 201(b) and (c), based on this Court taking judicial notice of its own records, as well a records and evidence filed in other courts, documenting a "pattern of misconduct" evidencing the likelihood of imminent serious physical injury. *See* United States v. Glover, 179 F. 3d 1300, 1302 n. 5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts."); United States v. Jones, 29 F. 3d 1549, 1553 (11th Cir. 1994) ("Indicating that the documents filed in another court may be judicially noticed.") (Quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F. 2d 1384, 1388-89 (2d Cir. 1992).)

In light of the foregoing, GRANTING of this appeal is, therefore, appropriate, and *Appellant* should be GRANTED leave to freely litigate his claims *IFP* in the District Court under the "imminent threat" exception pursuant to 28 USCS § 1915(g).

## OATH

THE UNDERSIGNED HEREBY respectfully attests the foregoing facts presented are true, accurate, and correct, and are presented in good faith pursuant to 28 U.S.C. § 1746.

John J. Wilson, Jr. DC# M86-232

## CERTIFICATE OF COMPLIANCE

THE UNDERSIGNED HEREBY certifies this appeal brief conforms with 11th Cir. rules 30-1(d) and 31.3; FRAP 32(b).

John J. Wilson, Jr. DC# M86-232

## CERTIFICATE OF SERVICE

THE UNDERSIGNED HEREBY attests a true and correct copy of the foregoing was mailed to the following recipients on this 25 day of April of 2025: Ricky D. Dixon, Sec. Fla. Dept. of Corr., 501 S. Calhoun Street, Tallahassee, FL 32399-2500

Respectfully submitted,

John J. Wilson, Jr. DC# M86-232
Petitioner, *pro se*
Mayo Correctional Institution Annex
8784 US Hwy 27 West
Mayo, FL 32066

PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 4-25-25 (DATE) FOR MAILING
(STAFF INITIAL) (I/M INITIAL)

U.S. COURT OF APPEALS RECEIVED CLERK MAY 06 2025 ATLANTA, GA

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

John J. Wilson, Jr. vs. Amanda Ralph, et al. Appeal No. 25-10415-GG

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

***(please type or print legibly)***:

Chief of Police, Defuniak Springs, FL
Daniel A. Johnson, General Counsel, D.O.C.
Tony Knight, Warden, Walton Corr. Inst.
Hope Thai Cannon, Magistrate Judge
Mark E. Walker, Chief U.S. District Court Judge
Raag Singhal, U.S. District Court Judge South. Dist
Deirdre Dunham, Miami-Dade Trial Court Admin
Nushin Sayfie, Chief Judge 11th Cir. of Miami-Dade

Soltn J. Wilson, Jr.
DC# M86232
Mayo Correctional Inst.
8784 U.S. Highway 27 West
Mayo, FL 32066

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES
ZIP 32066 $ 002.87⁰
02 7W
0008027379 APR 25 2025

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
LEGAL MAIL

U.S. MARSHALS SERVICE
Atlanta, GA
MAY 06 2025
CLEARED SECURITY

(25-10415 'GG')

CLERK OF COURT
U.S. COURT OF APPEALS
56 FORSYTH STREET, N.W.
ATLANTA, GA 30303

ONLY

PROVIDED TO MAYO CORRECTIONAL INSTITUTION
ON 4-25-25 (DATE) FOR MAILING
______ (STAFF INITIAL) SJ (I/M INITIAL)