**No. 25-10415**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**JOHN J. WILSON JR.**,

Plaintiff-Appellant,

v.

**SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, RALPH, ASSISTANT WARDEN WALTON CI, COLONEL JACKSON, WALTON CI, MARQUIS, INSPECTOR OF WALTON CI, POLICE CHIEF OF DEFUNIAK SPRINGS**,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Florida,
Docket No. 3:24-cv-00616-MW-HTC

---

# APPELLANT'S SUPPLEMENTAL BRIEF

---


**KOBRE & KIM LLP**
Zachary Sizemore
Zachary.Sizemore@kobrekim.com
(212) 488-1200
800 Third Avenue, New York,
New York 10022

*Attorney for Appellant John J. Wilson Jr.*

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1-1(a)(1), Appellant provides the following list of persons and entities known to have an interest in the outcome of this appeal:

1. Cannon, Hon. Hope Thai
2. Dixon, Ricky
3. Faruqui, Bilal Senior Counsel, Florida Attorney General
4. Florida Department of Corrections
5. Florida Office of the Attorney General
6. Hurley Jr., James
7. Jackson, First Name Unknown
8. Kobre & Kim LLP
9. Marquis, Inspector
10. Palardy, Daniel, Senior Assistant Attorney General, Florida Attorney General
11. Ralph, Amanda
12. Sizemore, Zachary
13. Uthmeier, James, Florida Attorney General
14. Walker, Hon. Mark E.
15. Wilson, John Jr.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT ........ ii

TABLE OF AUTHORITIES ........ iv

STATEMENT OF ISSUES RELEVANT TO SUPPLEMENTAL BRIEF ........ 1

STATEMENT OF CASE ........ 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........ 1

STANDARD OF REVIEW ........ 4

SUMMARY OF ARGUMENT ........ 4

ARGUMENT ........ 5

I. Mr. Wilson Adequately Moved to Amend His Complaint ........ 5

A. Mr. Wilson Had the Right to Amend His Complaint When He Filed the Objections ........ 5

B. The District Court Should Have Construed the Objections as a Motion to Amend ........ 7

CONCLUSION ........ 14

CERTIFICATE OF COMPLIANCE ........ 15

## TABLE OF AUTHORITIES

### Cases

*Barksdale v. King*, 699 F.2d 744 (5th Cir. 1983) .....................................................9

*Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206 (11th Cir. 1981)………………...10

*Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) ...................................... passim

*Byrd v. Stewart*, 811 F.2d 554 (11th Cir. 1987) .......................................................8

*Coventry First, LLC v. McCarty*, 605 F.3d 865 (11th Cir. 2010)..............................6

*Daker v. Ward*, 999 F.3d 1300 (11th Cir. 2021).......................................................8

*Davis-Harrison v. Chief United States Prob. Officer Mid. Dist. of Fla.*, No. 22-14334, 2024 WL 2874046 (11th Cir. June 7, 2024))...........................................12

*Jacoby v. Lanier*, 850 F. App'x 685 (11th Cir. 2021) .....................................11, 12

*Kaden v. Slykhuis*, 651 F.3d 966 (8th Cir. 2011)......................................... 9, 10, 12

*Legate v. Livingston*, 822 F.3d 207 (5th Cir. 2016)..................................................9

*Moler v. Wells*, 18 F.4th 162 (5th Cir. 2021)............................................... 9, 10, 12

*Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342 (11th Cir. 2007) ...........11

*Oliver v. Fuhrman*, 695 F. App'x 436 (11th Cir. 2017) ..................................11, 12

*Phillips v. Governor, State of Georgia*, No. 17-12501, 2017 WL 9513011 (11th Cir. Dec. 13, 2017) ..........................................................................................11

*Stringer v. Jackson*, 392 F. App'x 759 (11th Cir. 2010) .................................11, 12

*Taylor v. Brown*, 787 F.3d 851 (7th Cir. 2015) ......................................................10

*Thornton v. Phillips Cnty., Ark.*, 240 F.3d 728 (8th Cir. 2001) .................. 9, 10, 12

*Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) .................................................5

*U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006) ....................... 8, 13

*United States v. Futrell*, 209 F.3d 1286 (11th Cir. 2000) ......................................12

*United States v. Jordan*, 915 F.2d 622 (11th Cir. 1990) ................................. 10, 12

*United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) ............................................10

*Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981) .....................................................10

*Wooden v. Armenteros*, 756 F. App’x 951 (11th Cir. 2018) ..................................11

*Wright v. El Paso Cnty. Jail*, 642 F.2d 134 (5th Cir. 1981) ..................................10

**Statutes**

28 U.S.C. § 1915(g) ...........................................................................................2

**Rules**

Fed. R. Civ. P. 15(a)...................................................................................... 1, 4, 5

Fed. R. Civ. P. 7(b) ..........................................................................................8

N.D. Fla. L.R. 15.1(b) ................................................................................... 8, 13

## STATEMENT OF ISSUES RELEVANT TO SUPPLEMENTAL BRIEF

Whether Plaintiff-Appellant John J. Wilson adequately moved to amend his complaint, triggering his Federal Rule of Civil Procedure 15(a) right to amend once as a matter of course, by objecting to the magistrate judge's report.

## STATEMENT OF CASE

This case requires the straightforward application of two principles clearly established by this Court's precedent. *First*, that Plaintiff-Appellant John J. Wilson—a "three-strikes," *pro se* prisoner plaintiff—had the right to amend his complaint under Rule 15(a) of the Federal Rules of Civil Procedure. *Second*, that the district court was required to "look behind the label" of Mr. Wilson's filings and liberally construe them as a result of his *pro se* status. Under those precedents, Mr. Wilson adequately invoked his Rule 15(a) right to amend his complaint through his objections to the magistrate judge's report—a conclusion reinforced by precedential decisions from this Court's sister circuits and persuasive authority from this Court.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2024, John J. Wilson, at the time incarcerated at Walton Correctional Facility ("Walton"),[1] filed a complaint in the Northern District of Florida against Secretary of the Florida Department of Corrections Ricky Dixon,

[1] As reflected in Mr. Wilson's filings on appeal before the Court appointed counsel, Mr. Wilson is now located at the Mayo Correctional Annex. *See* Doc. No. 7 at 11.

Assistant Warden of Walton Amanda Ralph, two other Walton employees, and Police Chief of DeFuniak Springs James Hurley. *See generally* ECF No. 1.[2] Among other things, Mr. Wilson alleged that Walton staff "deliberately" placed "psychotic, violent, mentally disturbed inmates in [his] cell" and that on November 15, 2024, Mr. Wilson's cellmate "violently sexually assaulted," "repeatedly stabbed," and bit him. ECF No. 1 ¶¶ 3, 5–8. Mr. Wilson further alleged that Walton staff failed to properly investigate the incident and did not report it to outside law enforcement despite his request they do so. *Id.* ¶¶ 9–10. Alongside his complaint, Mr. Wilson filed a form Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") that represented he had no assets or employment and requested he be allowed to proceed without paying the filing fee. *See* ECF No. 2.

On December 11, 2024, a magistrate judge issued a report (the "Report") that denied Wilson's IFP Motion and recommended the district court dismiss his complaint without prejudice pursuant to the screening provisions of 28 U.S.C. § 1915(g) because Mr. Wilson was a "three-striker"—an incarcerated plaintiff who previously filed three actions or appeals dismissed as frivolous, malicious, or for failure to state a claim—who moved to proceed *in forma pauperis*. ECF No. 5 at 1–2. While § 1915(g) allows a three-strikes plaintiff to proceed *in forma pauperis*

[2] Citations in this supplemental brief to "ECF No." refer to filings on the district court's docket, and citations to "Doc. No." refer to filings on this Court's docket.

when the plaintiff is in "imminent danger of serious physical injury," the magistrate judge determined that Mr. Wilson's complaint failed to demonstrate such an imminent threat for two reasons. First, because Mr. Wilson alleged that Walton staff separated him from the cellmate he alleged assaulted him. *Id.* at 4. Second, in the magistrate judge's view, the remainder of Mr. Wilson's allegations were not "specific enough" to demonstrate imminent danger of serious physical injury. *Id.* at 4–5. In a footnote, the magistrate judge also noted that "[Mr.] Wilson's complaint and [IFP Motion were] not on the Court's required forms." *Id.* at 1 n.1.

Mr. Wilson filed objections to the Report (the "Objections") that included, *inter alia*, new allegations relevant to whether he faced an imminent danger of serious physical injury. ECF No. 6. Specifically, Mr. Wilson's Objections stated that the cellmate he alleged assaulted him was "still at large" in Walton, was "making violent threats," and "threatened [Mr. Wilson's] life on prior occasions." *Id.* at 2–3. Relatedly, Mr. Wilson's Objections further represented that Walton staff's decision to keep him near the former cellmate threatened Mr. Wilson's life or person. *Id.* at 6–7. In a statement in response to the Report's footnote that Mr. Wilson did not file the complaint and IFP Motion on the correct forms, Mr. Wilson also "respectfully request[ed] the necessary forms, and plead[ed] for leave to amend the complaint." *Id.* at 7.

The district court overruled the Objections and adopted the Report on January 6, 2025. ECF No. 7. In its short Order, the district court acknowledged that Mr. Wilson's Objections "include[d] new factual allegations concerning the purported risk of imminent harm he allegedly face[d]." *Id.* at 1. But rather than consider these new allegations or provide Mr. Wilson an opportunity to amend his complaint, the district court instead held that Mr. Wilson could not "amend his complaint by providing supplemental allegations" and dismissed the complaint. *Id.*

Mr. Wilson appealed the district court's dismissal order and filed an initial brief in this appeal *pro se* on May 6, 2025. Doc. No. 7. On August 29, 2025, this Court appointed the undersigned as counsel and requested supplemental briefing on "[w]hether Mr. Wilson adequately moved to amend his complaint, triggering his Federal Rule of Civil Procedure 15(a) right to amend once as a matter of course, by objecting to the magistrate judge's report." Doc. No. 10 at 2.

## STANDARD OF REVIEW

This Court reviews the denial of a motion to amend for abuse of discretion. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

## SUMMARY OF ARGUMENT

Eleventh Circuit precedent is clear that when a *pro se*, three-strikes plaintiff moves to amend a complaint a district court *must* grant leave to amend in accordance with Rule 15 of the Federal Rules of Civil Procedure. Precedent is equally clear that

courts must liberally construe and "look behind the label" of pleadings filed by *pro se* plaintiffs. In light of that precedent—and as further demonstrated by precedential decisions from this Court's sister circuits and persuasive decisions from this Court—the district court should have construed the Objections as a motion to amend Mr. Wilson's complaint that properly invoked his Rule 15(a) right to amend.

## ARGUMENT

### I. Mr. Wilson Adequately Moved to Amend His Complaint

#### A. Mr. Wilson Had the Right to Amend His Complaint When He Filed the Objections

As a threshold matter, Mr. Wilson clearly had the right to amend his complaint at the time he filed the Objections.

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a complaint once as a matter of course within 21 days after serving the complaint or 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1)(B). The screening provisions applicable to three-strikes plaintiffs who move to proceed *in forma pauperis* do not alter that straightforward rule, and three-strikes plaintiffs enjoy "the same benefit of Rule 15(a) as any other litigant." *See Brown*, 387 F.3d at 1348–49. Thus, where a three-strikes plaintiff moves to amend the complaint, a district court *must* grant "leave to amend when required by" Rule 15(a). *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *Brown*, 387 F.3d at 1348. Applying that straightforward reading of Rule 15(a) and the relevant screening provisions, this

Court held in *Brown* that a district court abused its discretion when it denied a three-strikes plaintiff's motion to amend his complaint under Rule 15(a) in response to a magistrate judge's report that recommended dismissal. *Brown*, 387 F.3d at 1348–49.

Mr. Wilson's right to amend under Rule 15(a) is clear—indeed, this case is on nearly all fours with *Brown*. In both this case and *Brown*, the magistrate judge issued a report that recommended dismissal. ECF No. 5 at 1, 5; *Brown*, 387 F.3d at 1347. Like the plaintiff in *Brown*, Mr. Wilson objected to the Report (and as explained below therefore moved to amend his complaint) before he served the complaint on any Defendant. *See generally* ECF No. 6; *Brown*, 387 F.3d at 1347. Defendant-Appellee Dixon's recent motion to intervene in fact concedes that no Defendant was served when Mr. Wilson filed the Objections. *See, e.g.*, Doc. No. 16 at iv ("[D]efendants in the district court proceeding . . . were never served with process."); *id.* at 2 ("The District Court sua sponte dismissed before the FDOC Defendants were served."). Mr. Wilson was therefore well within the timeframe to amend his complaint, and, as a result, had the right to do so under Rule 15(a).[3]

[3] In fact, Mr. Wilson did not need to move to amend his complaint at all—he could have simply filed an amended complaint without seeking leave. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (noting that a motion to amend is "unnecessary" when a plaintiff has the right to amend under Rule 15(a)).

The only difference between this case and *Brown* is that Mr. Wilson moved to amend through his Objections while the *Brown* plaintiff filed a separate motion. *Compare* ECF No. 6, *with Brown*, 387 F.3d at 1347. As explained below, that difference is immaterial. In light of Mr. Wilson's *pro se* status, the district court was required to look behind the label of Mr. Wilson's Objections and, accordingly, should have construed them as a motion to amend.

Thus, both Mr. Wilson and the *Brown* plaintiff moved to amend in response to a magistrate judge's report. The result should be the same. Like in *Brown*, the Court should hold that Mr. Wilson properly invoked his right to amend under Rule 15(a).

### B. The District Court Should Have Construed the Objections as a Motion to Amend

Mr. Wilson complied with the requirements to move to amend contained in the Federal Rules of Civil Procedure and this Court's precedent, which collectively merely required that he file a written motion that set forth the substance of the amendment. He did that by filing his Objections, which set forth specific, new allegations in response to the Report. The district court should have construed those Objections as a motion to amend in light of Mr. Wilson's *pro se* status. That approach is supported by this Court's precedents recognizing that *pro se* pleadings should be liberally construed, precedential decisions from sister circuits that have

construed similar objections as motions to amend, and nonprecedential decisions from this Court.

Motions for leave to amend under Rule 15(a) are governed by Rule 7(b). *See* Fed. R. Civ. P. 7(b); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 (11th Cir. 2006) ("[A] party obtains a court order granting it relief by filing a motion."). Rule 7(b) merely requires that a party make the motion "in writing," that the party "state with particularity the grounds" for the relief, and "state the relief sought." Fed. R. Civ. P. 7(b). This Court's precedent further requires that the plaintiff "either attach a copy of the proposed amendment . . . or set forth the substance thereof" in the motion. *See, e.g.*, *McInteer*, 470 F.3d at 1361.[4]

When determining whether Mr. Wilson satisfied those requirements, however, the district court was required to hold Mr. Wilson's filings "to a less stringent standard than counseled pleadings" and "liberally construe[]" them. *See, e.g.*, *In re Parrott*, 118 F.4th 1357, 1363 n.2 (11th Cir. 2024); *Byrd v. Stewart*, 811 F.2d 554, 555 (11th Cir. 1987). This Court has repeatedly afforded this liberal construction to filings made by *pro se* litigants even when those pleadings are subject to the exact screening provisions at issue here. *Brown*, 387 F.3d at 1350; *Daker v. Ward*, 999 F.3d 1300, 1311 (11th Cir. 2021). In line with that obligation to liberally

---

[4] The Local Rules for the Northern District of Florida add one more requirement in some circumstances. "When a pleading may be amended only by leave of court" the plaintiff must file a separately docketed motion to amend and file the amended pleading. N.D. Fla. L.R. 15.1(b).

construe *pro se* filings, precedential decisions from two of this Court's sister circuits have construed *pro se* prisoners' objections to a magistrate judge's report as a motion for leave to amend. *See Moler v. Wells*, 18 F.4th 162, 167–68 (5th Cir. 2021) ("[c]onstruing" the plaintiff's "objections as a motion to amend his complaint"); *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) ("[W]e will construe a prisoner plaintiff's objections to the magistrate judge's report as a motion for leave to amend the original complaint."); *Thornton v. Phillips Cnty., Ark.*, 240 F.3d 728, 729 (8th Cir. 2001) (stating that the plaintiff's "objections to the magistrate judge's report should have been treated as a motion for leave to amend"); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (addressing *pro se* plaintiff's request for "leave to amend in his objection to the magistrate judge's memorandum and recommendation" even though the plaintiff did not "file[] a formal motion to amend"); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (holding that district court should have treated an "'Opposition to Magistrate's Report and Recommendation' . . . as an amendment to appellant's complaint").

This Court should do the same. While no precedential decision of this Court has reached the issue, the Fifth and Eighth Circuits' approach aligns with how federal courts generally construe *pro se* prisoners' filings. In other contexts, "[f]ederal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is,

in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–625 (11th Cir. 1990). That obligation "stems from the" same "time-honored practice" relevant here—"construing pro se plaintiffs' pleadings liberally." *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999). So courts should, like the Fifth and Eighth Circuits, likewise "look behind the label" of a *pro se* prisoner's objections to a magistrate judge's report and determine if relief is "cognizable under a different" pleading—specifically, a motion to amend—at least where, like here, the plaintiff has the right to amend under Rule 15(a). *See Moler*, 18 F.4th at 167–68; *Thornton*, 240 F.3d at 729; *Kaden*, 651 F.3d at 968. Indeed, construing *pro se* filings as a motion to amend or as an amendment to the complaint when relief is properly cognizable through Rule 15(a) is not unique to objections to a magistrate judge's report. *See Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 135 n.1 (5th Cir. 1981) (construing a "Motion in Support of 1983 42 U.S.C. Civil Complaint" as an amendment to the complaint);[5] *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981) (treating *pro se* litigant's letters to district judge as amendment or addition to the complaint); *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) (liberally construing *pro se* plaintiff's attempt to dismiss specific claims as a motion to amend).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), this Court adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Nonprecedential decisions from this Court also support this approach. Similar to the Fifth and Eighth Circuits, decisions from this Court have held either that a *pro se* plaintiff can move to amend through objections to a magistrate judge's report or that a court may consider the contents of the objections without formal amendment of the pleadings. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 345 (11th Cir. 2007) ("Because courts must construe pro se pleadings liberally, the district court should have considered [the *pro se* plaintiff's] additional allegations in the objection as a motion to amend his complaint and granted it."); *Oliver v. Fuhrman*, 695 F. App'x 436, 439 (11th Cir. 2017) (noting *pro se* plaintiff requested leave to amend in his objections and reversing the district court's dismissal); *Stringer v. Jackson*, 392 F. App'x 759, 760–61 (11th Cir. 2010) (reversing district court's denial of motion for leave to amend contained in *pro se* plaintiff's objections to magistrate judge's report); *Jacoby v. Lanier*, 850 F. App'x 685, 687 n.2 (11th Cir. 2021) (considering content of objections to a report when deciding if imminent harm requirement met); *cf. also Phillips v. Governor, State of Georgia*, No. 17-12501, 2017 WL 9513011, at *3 (11th Cir. Dec. 13, 2017) ("[The *pro se* plaintiff] objected to the R&R, and the district court construed his objections as an amendment."); *Wooden v. Armenteros*, 756 F. App'x 951, 953 (11th Cir. 2018) ("In evaluating whether a pro se plaintiff should be granted leave to amend his complaint, we may consider facts asserted by the plaintiff in objections to the magistrate judge's report

and recommendation.”). While these decisions are nonbinding, this Court may “[f]ollow[] the logic” of these decisions as persuasive authority. *See United States v. Futrell*, 209 F.3d 1286, 1290 (11th Cir. 2000) (adopting logic of non-binding authority in precedential decision). It should do so here.[6]

Accordingly, the district court should have “look[ed] behind the label” of Mr. Wilson’s Objections, *see Jordan*, 915 F.2d at 624, and construed them as a motion for leave to amend. *See, e.g.*, *Moler*, 18 F.4th at 167–68; *Thornton*, 240 F.3d at 729; *Kaden*, 651 F.3d at 968. Indeed, while Mr. Wilson tied the statement to his response to the Report’s footnote that he used the wrong court forms, he explicitly “plead[ed] for leave to amend the complaint”—which put the district court on further notice that he wished to amend. ECF No. 6 at 7. Should any doubt remain that Mr. Wilson’s Objections did not make the district court fully aware that Mr. Wilson wished to properly place his new allegations before the court, that doubt is dispelled by the district court’s own Order. That Order recognized Mr. Wilson’s Objections “include[d] new factual allegations” but then erroneously failed to grant Mr. Wilson

---

[6] One nonprecedential decision cited by the district court held that a plaintiff did not properly move to amend by including the request in objections to a report. *See* ECF No. 7 at 1 (citing *Davis-Harrison v. Chief United States Prob. Officer Mid. Dist. of Fla.*, No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. June 7, 2024)). The Court should not follow the approach in *Davis-Harrison* because it is contrary to both precedential decisions from other Circuits and nonprecedential decisions in this Circuit. *See Moler*, 18 F.4th at 167–68; *Thornton*, 240 F.3d at 729; *Kaden*, 651 F.3d at 968; *Oliver*, 695 F. App’x at 439; *Stringer*, 392 F. App’x at 760–61; *Jacoby*, 850 F. App’x at 687 n.2. None of the decisions cited by the Court in *Davis-Harrison* addressed objections to a report, nor did any involve a *pro se* plaintiff, and those cases are therefore inapposite. *See Davis-Harrison*, 2024 WL 2874046, at *3.

an opportunity to amend and dismissed the complaint after holding Mr. Wilson could not "amend his complaint . . . in his [O]bjections." ECF No. 7 at 1. Instead, the district court should have allowed Mr. Wilson an opportunity to formally amend his complaint to include those new allegations.

Construed as a motion to amend, Mr. Wilson's Objections satisfied all the requirements of Rule 7(b) and this Court's precedent. The Objections were "in writing" and made clear the grounds for any amendment—Mr. Wilson wished to address the magistrate judge's determination that he did not adequately plead an imminent danger of serious physical injury. *See generally* ECF No. 6. Further, the Objections included "the substance" of any such amendment, *see McInteer*, 470 F.3d at 1361, by including the specific new allegations that would be included in an amended complaint.[7] *Id.* That was all that was required for Mr. Wilson to properly invoke his Rule 15(a) right to amend.

[7] Moreover, Mr. Wilson also complied with the Local Rules for the Northern District of Florida—which further evidences the adequacy of his motion to amend. Those rules require a separate motion to amend "[w]hen a pleading may be amended *only* by leave of court." N.D. Fla. L.R. 15.1(b) (emphasis added). For the reasons contained herein, the Objections qualified as such a motion. And as explained above, Mr. Wilson did not require leave of court to amend his complaint.

## CONCLUSION

Accordingly, the undersigned submits this supplemental brief and respectfully submits that Mr. Wilson adequately moved to amend his complaint and thereby invoked his right to amend under Rule 15(a).

Respectfully submitted,

/s/ *Zachary Sizemore*

**KOBRE & KIM LLP**
Zachary Sizemore
Zachary.Sizemore@kobrekim.com
(212) 488-1200
800 Third Avenue, New York,
New York 10022

*Attorney for Appellant John J. Wilson Jr.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f) and 11th Cir. R. 32-4, this document contains 3,402 words. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman font.

Dated: October 8, 2025
New York, New York

/s/ *Zachary Sizemore*

**KOBRE & KIM LLP**
Zachary Sizemore
Zachary.Sizemore@kobrekim.com
(212) 488-1200
800 Third Avenue, New York,
New York 10022

*Attorney for Appellant John J. Wilson Jr.*