**No.: 25-10415**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

JOHN WILSON, JR.,

Plaintiff/Appellant,

v.

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS, ET AL.,

Defendants/Appellees.
_______________________________________/

APPEAL FROM UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION
NO.: 3:24-cv-00616-MW-HTC

---

# ANSWER BRIEF OF INTERVENOR-APPELLEE SECRETARY DIXON

---

Respectfully submitted,


**JAMES UTHMEIER**
**ATTORNEY GENERAL**

/s/Caitlin Wilcox
Caitlin Wilcox
Florida Bar No. 111815
Florida Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607
Tel: (813) 233-2880
Caitlin.Wilcox@myfloridalegal.com
*Counsel for Intervenor-Appellee Secretary Dixon*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1.1 through 26.1-3, counsel of record for Intervenor-Appellee, Secretary Ricky D. Dixon, certifies that to the best of her knowledge, the following is a complete list of all trial judges, all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly-held corporations that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Dixon, Ricky - Secretary Florida Department of Corrections
2. Faruqui, Bilal – Senior Counsel, Florida Office of the Attorney General
3. Florida Department of Corrections
4. Florida Office of the Attorney General
5. Jackson, Colonel
6. Kobre & Kim
7. Marquis, Inspector
8. Police Chief of Defuniak Springs
9. Ralph, Assistant Warden
10. Sizemore, Zachary

11. Uthmeier, James – Florida Attorney General

12. Wilcox, Caitlin – Assistant Attorney General, Florida Office of the Attorney General

13. Wilson, John Jr.

## CORPORATE DISCLOSURE STATEMENT

Intervenor-Appellee Secretary Ricky Dixon, Florida Department of Corrections does not have any corporations to disclose. Fed. R. App. P. 26.1; Eleventh Cir. R. 26.1-1-5.

/s/Caitlin Wilcox
*Counsel for Intervenor-Appellee*
*Secretary Ricky Dixon*

## STATEMENT REGARDING ORAL ARGUMENT

This Court previously classified this case for oral argument in its Counsel Appointment Order of August 29, 2025. Doc. 10 at 3.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ……………………………….. C-1

STATEMENT REGARDING ORAL ARGUMENT …………………………... i

TABLE OF CONTENTS ……………………………………………………… ii

TABLE OF AUTHORITIES ……………………………………………..…. iii

STATEMENT OF JURISDICTION ……………………………...………… vi

PRELIMINARY STATEMENT …………………………………………..… 1

STATEMENT OF THE ISSUES ……………………………………….…. 1

STATEMENT OF THE CASE ……………………………………………… 1

STANDARD OF REVIEW ……………………………………………….… 3

SUMMARY OF THE ARGUMENT ……………………………………... 3

ARGUMENT ……………………………………………………………...… 4

I. THE DISTRICT COURT CORRECTLY DISMISSED APPELLANT'S LAWSUIT WITHOUT PREJUDICE UNDER §1915(g) …………………………………………….... 4

II. A DISMISSAL WITHOUT PREJUDICE DOES NOT AMOUNT TO ABUSE OF DISCRETION ………………………… 6

III. A MOTION FOR LEAVE TO AMEND WAS UNNECESSARY ……………………………………………… 9

CONCLUSION ……………………………………………………..…...… 10

CERTIFICATE OF COMPLIANCE ……………………..……………...… 11

CERTIFICATE OF SERVICE ……………………………..……………..… 11

## TABLE OF AUTHORITIES

Case Page(s)

*Beckwith v. Bellsouth Telecomms., Inc.*,
146 F. App'x 368 (11th Cir. 2005) .......... 6

*Bennett v. Lynch*, Case No.: 4:11-CV-0030-HLM,
2011 WL 13138102, (N.D. Ga. Dec. 29 .......... 5, 6

*Brown v. Johnson*,
387 F.3d 1344 (11th Cir. 2004).......... 9

*Carvelli v. Ocwen Fin. Corp.*,
934 F.3d 1307 (11th Cir.2019).......... 7

*Cason v. Seckinger*,
231 F.3d 777 (11th Cir.2000).......... 8

*Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*,
48 F.4th 1222 (11th Cir.2022) .......... 7

*Coventry First, LLC v. McCarty*,
605 F.3d 865 (11th Cir. 2010).......... 9

*Daker v. Ward*,
999 F.3d 1300 (11th Cir. 2021).......... 5

*Daker v. Warden*,
805 F.App'x 648 (11th Cir. 2020) .......... 4, 5

*Davis-Harrison v. Chief U.S. Probation Officer M.D. Fla.*,
No. 22-14334, 2024 WL 2874046 (11th Cir. June 7, 2024).......... 5, 7

*Dupree v. Palmer*,
284 F.3d 1234 (11th Cir. 2002).......... 4

*Dynes v. Army Air Force Exch. Serv.*,
720 F.2d 1495 (11th Cir.1983).......... 8

*GJR Invs., Inc. v. Cnty. of Escambia, Fla.*,
132 F.3d 1359 (11th Cir. 1998)........................................................................ 6

*Harris v. Warden*,
498 F. App'x 962 (11th Cir. 2012)................................................................... 9

*Henson v. Columbus Bank & Tr. Co.,*
770 F.2d 1566 (11th Cir. 1985)........................................................................ 7

*Kotzen v. Levine*,
678 F.2d 140 (11th Cir.1982)........................................................................... 8

*Medberry v. Butler*,
185 F.3d 1189 (11th Cir. 1999)........................................................................ 4

*Miller v. Donald*,
541 F.3d 1091 (11th Cir. 2008)........................................................................ 3

*Newton v. Duke Energy Fla., LLC*,
895 F.3d 1270 (11th Cir. 2018)........................................................................ 7

*O'Connor v. Suwannee Corr. Inst.*,
649 F. App'x 802 (11th Cir. 2016) .............................................................. 5, 8

*Tannenbaum v. United States*,
148 F.3d 1262 (11th Cir. 1998)........................................................................ 6

*United States v. Brown*,
415 F.3d 1257 (11th Cir. 2005)........................................................................ 3

*Vanderberg v. Donaldson*,
259 F.3d 1321 (11th Cir. 2001)................................................................... 3, 7

Statutes

28 U.S.C. § 1915 ............................................................................................ 4

28 U.S.C. § 1915(g) ........................................................................... 2, 4, 5, 6

42 U.S.C. § 1983 ........ 1

Rules

Fed. R. App. P. 26.1 ........ C-2

Fed. R. App. P. 32(a)(5) and (6) ........ 11

Fed. R. App. P. 32(a)(7)(B) ........ 11

Fed. R. App. P. 32(f) ........ 11

Fed. R. Civ. P. 7(b)(1) ........ 7

Fed. R. Civ. P. 15(a) ........ 9

Fed. R. Civ. P. 15(a)(1) ........ 9

Fed. R. Civ. P. 15(a)(1)-(2) ........ 9

Fed. R. Civ. P. 15(a)(2) ........ 9

11th Cir. R. 26.1-1-5 ........ C-2

11th Cir. R. 32-4 ........ 11

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal from the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1291, which gives the Court of Appeals jurisdiction over all final decisions of the District Court of the United States.

## PRELIMINARY STATEMENT

The Appellant and Plaintiff below, John Wilson, Jr., will be referred to in this Answer Brief as "Mr. Wilson" or "Appellant." The Intervenor-Appellee, Ricky Dixon, Florida Department of Corrections will be referred to in this Answer Brief as "Appellee."

The Court below, the United States District Court, Northern District of Florida, Pensacola Division, will be referred to in this Answer Brief as "District Court" or "lower court." References to the filings on appeal will be prefixed with "Doc." followed by the docket number, and if necessary, the appropriate page number. References to the record on appeal will be by the District Court docketing number and will be prefixed with "ECF No.", followed by the docket number, and if necessary, the appropriate page number.

References to the Appellant's Supplemental Brief are designated as "S.B.__" followed by the page number.

## STATEMENT OF THE ISSUES

Whether the district court correctly dismissed the complaint without prejudice.

## STATEMENT OF THE CASE

Mr. Wilson filed a lawsuit under 42 U.S.C. § 1983 on December 4, 2024, against Secretary Dixon, Assistant Warden Ralph, Colonel Jackson, and Inspector

Marquis in their individual and official capacities, alleging that the Florida Department of Corrections Defendants were deliberately indifferent to an assault and sexual abuse by another inmate against Mr. Wilson at Walton C.I. *See generally* ECF No. 1. Magistrate Judge Hope Cannon pre-screened Mr. Wilson's Complaint, found he is three-struck under 28 U.S.C. § 1915(g) and failed to allege imminent danger, and recommended dismissal without prejudice. Doc. 1-5.

Mr. Wilson objected to the Report and Recommendation and alleged for the first time that the assailant was "still at large and wandering freely on the Walton prison compound, making violent threats," he had "come across the perpetrator twice so far: once in the medical annex, and once at the security gate as he was being released from confinement," and "this individual has threatened plaintiff's life on prior occasions." ECF No. 6. Finally, Mr. Wilson addressed a footnote in the Report and Recommendation that suggested the Complaint was not on the district court's required forms: "if [the] complaint was not filed on the correct forms, plaintiff respectfully requests the necessary forms and pleads for leave to amend the complaint." *Id.*

District Judge Mark Walker agreed with Judge Cannon's recommendation, finding Mr. Wilson could not amend his complaint by providing additional facts about imminent danger for the first time in the objection and dismissed without

prejudice, advising, "Plaintiff may refile his claims and pay the filing fee unless he adequately alleges imminent harm in his refiled complaint." Doc. 1-4.

Rather than sua sponte granting leave to amend, the District Court reasonably dismissed Plaintiff's complaint without prejudice. Instead of refiling, Mr. Wilson appealed.

## STANDARD OF REVIEW

An abuse-of-discretion standard applies to a district court's denial of leave to amend. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001). An abuse of discretion occurs where the district court "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005).

Dismissal pursuant to the "three strikes" provision of the Prison Litigation Reform Act is ordinarily reviewed de novo. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## SUMMARY OF THE ARGUMENT

This court should affirm the lower court's judgment and dismiss Appellant's appeal in full. The District Court correctly dismissed Appellant's lawsuit without prejudice.

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY DISMISSED APPELLANT'S LAWSUIT WITHOUT PREJUDICE UNDER §1915(g)

Here, the District Court correctly dismissed Mr. Wilson's complaint without prejudice pursuant to 1915(g). Because Mr. Wilson is a prisoner, his suit is subject to the restrictions in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. Section 1915(g) of the PLRA generally bars a prisoner from proceeding in forma pauperis if he has previously filed three or more meritless lawsuits. The lower court found, and Mr. Wilson does not dispute, that he qualifies as a three-striker under Section 1915(g). *See* Doc. 1-5.

The Eleventh Circuit has explained that when the district court determines that the prisoner is ineligible to proceed in forma pauperis under § 1915(g), the proper procedure is for the district court to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

A prisoner with three strikes can avoid § 1915(g)'s bar to proceeding in forma pauperis only by showing that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

A prisoner bears the burden of credibly alleging he is in imminent danger of serious physical injury. *See Daker v. Warden*, 805 F. App'x 648, 651 (11th Cir.

2020). Alleging the mere possibility of danger is not enough. "[T]he fact that something, even something very serious ..., could happen does not mean it is about to happen and is therefore imminent." *Daker v. Ward*, 999 F.3d 1300, 1312 (11th Cir. 2021). To meet this standard, Mr. Wilson had to allege facts showing that, at the time he filed his complaint, his risk of serious physical harm was high or otherwise probable or likely. *See id.*

Here, Mr. Wilson did not allege that he faced a present imminent danger to proceed under section 1915(g) at the time he filed his Complaint. Thus, the district court did not err by dismissing Mr. Wilson's complaint without prejudice pursuant to § 1915(g), because Mr. Wilson failed to successfully plead that he was in imminent danger in the Complaint. *See O'Connor v. Suwannee Corr. Inst.*, 649 F. App'x 802, 804 (11th Cir. 2016).

While Mr. Wilson included new factual allegations in the Objection to the Report and Recommendation [ECF No. 6], the lower court correctly found that Mr. Wilson could not amend his complaint by providing supplemental allegations in his objections. Doc. 1-4;*, see also Davis-Harrison v. Chief U.S. Probation Officer M.D.* Fla., No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. June 7, 2024) (noting that pro se party cannot amend complaint by arguments made in appellate brief, or more generally on appeal, or through a response to a motion to dismiss)*; Bennett v. Lynch,* Case No.: 4:11-CV-0030-HLM, 2011 WL 13138102, at *1 n.1 (N.D. Ga. Dec. 29,

2011) (holding that pro se plaintiff cannot amend complaint via statements and arguments contained in objections).

Furthermore, the Order Accepting Report and Recommendation effectively grants Mr. Wilson leave to amend by dismissing the complaint without prejudice. The order expressly states that, "Plaintiff may refile his claim and pay the filing fee unless he adequately alleges imminent harm in his refiled complaint." Doc. 1-4. Thus, the district court correctly dismissed Appellant's suit without prejudice pursuant to 1915(g). Accordingly, the lower court's judgment must be affirmed.

## II. A DISMISSAL WITHOUT PREJUDICE DOES NOT AMOUNT TO ABUSE OF DISCRETION.

As an initial matter, pro se litigants' filings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This liberal reading, however, does not exempt pro se plaintiffs from the pleading standards outlined in the Federal Rules of Civil Procedure or the Local Rules of the Northern District of Florida. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371(11th Cir. 2005). Moreover, a district court may not serve as a pro se plaintiff's "de facto counsel" or "rewrite an otherwise deficient pleading. . . ." *See GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

On appeal, Mr. Wilson argues that he adequately moved to amend his complaint and that the lower court should have construed his Objection to the Report and

Recommendation as a motion to amend. Mr. Wilson does not argue that he was prejudiced by the dismissal.

Although Mr. Wilson requested the court's leave in a sentence in his objection [ECF No. 6 at 7], a "request for a court order must be made by motion" that "state[s] with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1); *see also Davis-Harrison v. Chief United States Prob. Officer Middle Dist. of Fla*., No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. 2024).

The Eleventh Circuit has repeatedly affirmed district courts that declined to allow a plaintiff to amend their complaint when the plaintiff failed to submit a motion to amend. *See, e.g., Id.* at 3*; Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla*., 48 F.4th 1222, 1236 (11th Cir. 2022); *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1332 n.17 (11th Cir. 2019); *Newton v. Duke Energy Fla*., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018).

Additionally, a district court's denial of leave to amend is reviewed under the abuse of discretion standard. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001); *Henson v. Columbus Bank & Tr. Co*., 770 F.2d 1566, 1574 (11th Cir. 1985) ("This court will only reverse a district court's denial of a motion to amend in instances in which the district court has clearly abused its discretion.").

Under the abuse of discretion standard, the appellant court does not ask whether it would have granted the leave to amend, but whether the district court abused its

discretion by not granting a leave to amend under the circumstances of the present case. *See Cason v. Seckinger*, 231 F.3d 777, 786 (11th Cir.2000). A district court has not abused its discretion when the court has "a range of choices" and the court's choice "does not constitute a clear error of judgment." *Id.* at 786–87. Here, the District Court had a range of choices and acted within its discretion by denying Mr. Wilson's one-sentence request to amend his complaint embedded in his objection.

Furthermore, in general, dismissal without prejudice does not amount to abuse of discretion. *See Dynes v. Army Air Force Exch. Serv*., 720 F.2d 1495, 1499 (11th Cir.1983); *see also O'Connor v. Suwannee Corr. Inst.,* 649 F. App'x 802, 805 (11th Cir. 2016)("[H]is complaint was dismissed without prejudice, which means he is free to refile, and without a filing fee, assuming he adequately alleges imminent danger in the future.").

Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir.1982). Here, there is no prejudice to Mr. Wilson. Even though the lower court did not construe Mr. Wilson's objection as a motion to amend, Mr. Wilson essentially received the requested relief because Mr. Wilson is permitted to refile his complaint. Appellant cannot, therefore, show that he was prejudiced by the dismissal without prejudice. Because Appellant has not demonstrated that he was prejudiced

by the lower court's ruling, Appellant has not established an abuse of discretion. *See, e.g., Harris v. Warden*, 498 F. App'x 962 (11th Cir. 2012).

## III. A MOTION FOR LEAVE TO AMEND WAS UNNECESSARY

There are two mechanisms provided in Rule 15 that plaintiffs can use to amend a complaint—as a matter of course and with permission (either in the form of consent from the opposing party or from the court). Fed.R.Civ.P. 15(a)(1)-(2). A plaintiff has the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed. Fed.R.Civ.P. 15(a)(1). At the time Appellant filed his Objection, Appellant had not previously amended his complaint, and no responsive pleading had been filed. It is undisputed that Appellant did not need to move to amend his complaint at all—he could have simply filed an amended complaint without seeking leave. *See* S.B. at 6.

Moreover, nothing in the PLRA precludes a prisoner from amending his complaint before the filing of a responsive pleading, under Federal Rule of Civil Procedure 15(a). *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir.2004).

Had Appellant actually filed a motion for leave pursuant to Rule 15(a)(2), rather than an Objection, such filing would have been unnecessary. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) ("Pursuant to Rule 15(a), [Plaintiff] could have amended its complaint as a matter of course. Instead, [Plaintiff] filed an unnecessary motion to amend with the proposed amendments

attached.”).

Because a motion to leave would be wholly unnecessary in this case, the District Court correctly construed Mr. Wilson’s Objection to the Report and Recommendation as an objection to the report rather than as an unnecessary motion for leave to amend, and the lower court’s judgment must be affirmed.

## CONCLUSION

Based upon the foregoing, Mr. Wilson’s appeal is without merit. Intervenor-Appellee, Ricky Dixon, Florida Department of Corrections, respectfully requests this Honorable Court to enter an Order affirming the district court’s dismissal of the case.

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**

/s/Caitlin Wilcox
Caitlin Wilcox
Assistant Attorney General
Florida Bar No. 111815
Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607
T- (813) 233-2880
F – (813) 281-1859
Caitlin.Wilcox@myfloridalegal.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (6) and was prepared with a proportionally spaced 14-point Times New Roman font. This Answer Brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and, excluding those portions exempted under Fed. R. App. P. 32(f) and 11th Cir. R. 32-4, contains 2,121 words.

/s/Caitlin Wilcox
Caitlin Wilcox
Assistant Attorney General

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 5, 2025, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF which will serve those parties capable of electronic service.

/s/Caitlin Wilcox
Caitlin Wilcox
Assistant Attorney General