**No.: 25-10415**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

JOHN WILSON, JR.,

Plaintiff/Appellant,

v.

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS, ET AL.,

Defendants/Appellees.
____________________________________________/

APPEAL FROM UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION
NO.: 3:24-cv-00616-MW-HTC

---

**APPENDIX VOLUME I OF
INTERVENOR-APPELLEE SECRETARY DIXON**

---

Respectfully submitted,

**JAMES UTHMEIER
ATTORNEY GENERAL**

/s/Caitlin Wilcox
Caitlin Wilcox
Florida Bar No. 111815
Florida Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607
Tel: (813) 233-2880
Caitlin.Wilcox@myfloridalegal.com
*Counsel for Intervenor-Appellee Secretary Dixon*

# Index of Appendix

**Docket/Tab#**

**Volume 1**


District Court Docket Sheet …………………………………………………...… A

Complaint for Violation of Civil Rights (Prisoner Complaint) ………………...… 1

Application to Proceed in District Court Without Prepaying Fees or Costs …...… 2

Order and Report and Recommendation ……………………………………..… 4

Order and Report and Recommendation ……………………………………… 5

Objection to 5 Report and Recommendations ………………………………… 6

Order Accepting Report and Recommendation ……………………………...… 7

Judgment ……………………………………………………………………...… 8

Notice of Appeal ………...………………………………………………...… 9

**Tab A**

**Docket**

**3:24-cv-00616**

CLOSED,APPEAL,1915_g,CLERK_2

# U.S. District Court
# Northern District of Florida (Pensacola)
# CIVIL DOCKET FOR CASE #: 3:24-cv-00616-MW-HTC

WILSON v. DIXON et al
Assigned to: JUDGE MARK E WALKER
Referred to: MAGISTRATE JUDGE HOPE T CANNON
Case in other court: USCA, 25-10415-G
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 12/09/2024
Date Terminated: 01/06/2025
Jury Demand: None
Nature of Suit: 550 Prisoner Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**JOHN J WILSON, JR** represented by **JOHN J WILSON, JR**
M86232
MAYO CORRECTIONAL INSTITUTION
ANNEX ANNEX
8784 US HIGHWAY 27
WEST MAYO, FL 32066
PRO SE

V.

**Defendant**

**RICKY DIXON**
*SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS*

**Defendant**

**RALPH**
*ASSISTANT WARDEN WALTON CI*

**Defendant**

**COLONEL JACKSON**
*WALTON CI*

**Defendant**

**MARQUIS**
*INSPECTOR OF WALTON CI*

**Defendant**

**POLICE CHIEF OF DEFUNIAK SPRINGS**

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 12/09/2024 | 1 | COMPLAINT against All Defendants, filed by JOHN J WILSON, JR. (No service copies received. IFP motion received.) (jfj) (Entered: 12/10/2024) |
| 12/09/2024 | 2 | MOTION for Leave to Proceed in forma pauperis by JOHN J WILSON, JR. (jfj) (Entered: 12/10/2024) |
| 12/10/2024 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 1 Complaint, 2 MOTION for Leave to Proceed in forma pauperis. Referred to HOPE T CANNON. (jfj) (Entered: 12/10/2024) |
| 12/10/2024 | 3 | Notice to Pro Se Litigant. (jfj) (Entered: 12/10/2024) |
| 12/11/2024 | 4 | ORDER. Wilson's motion to proceed in forma pauperis, Doc. 2 , is DENIED. Signed by MAGISTRATE JUDGE HOPE T CANNON on 12/11/24. (jfj) (Entered: 12/11/2024) |
| 12/11/2024 | 5 | REPORT AND RECOMMENDATION. It is RECOMMENDED: That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g). That the Clerk close the file. Signed by MAGISTRATE JUDGE HOPE T CANNON on 12/11/24. R&R flag set. (Internal deadline for referral to district judge if objections are not filed earlier: **1/8/2025**.) (jfj) (Entered: 12/11/2024) |
| 12/27/2024 | 6 | OBJECTION to 5 Report and Recommendations, by JOHN J WILSON, JR. (alb) (Entered: 12/28/2024) |
| 01/06/2025 | 7 | ORDER ACCEPTING REPORT AND RECOMMENDATION - The report and recommendation, ECF No. 5 , is accepted and adopted, over the Plaintiff's objections, as this Court's opinion. Plaintiff's complaint, ECF No. 1 , is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk shall enter judgment stating, "Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g)." The Clerk shall close the file. Signed by CHIEF JUDGE MARK E WALKER on 1/6/2025. (baf) (Entered: 01/06/2025) |
| 01/06/2025 | 8 | CLERK'S JUDGMENT pursuant to 7 ORDER ACCEPTING REPORT AND RECOMMENDATION. (baf) (Main Document 8 replaced on 1/7/2025) (baf). (Entered: 01/06/2025) |
| 02/10/2025 | 9 | NOTICE OF APPEAL as to 8 CLERK'S JUDGMENT pursuant to 7 ORDER ACCEPTING REPORT AND RECOMMENDATION, 7 ORDER ACCEPTING REPORT AND RECOMMENDATION. (baf) (Filing fee was not paid. Motion to appeal in IFP not submitted.) (Entered: 02/10/2025) |
| 02/10/2025 | 10 | Appeal Instructions re: 9 Notice of Appeal : The Transcript Request Form is available on the Internet at https://www.flnd.uscourts.gov/form/eleventh-circuit-transcript-information-form **PLEASE NOTE** Separate forms must be filed for each court reporter in both the district court and the appeals court. Transcript Order Form due by **2/24/2025**. (baf) (Entered: 02/10/2025) |
| 02/10/2025 | 11 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 9 Notice of Appeal. (baf) (Entered: 02/10/2025) |
| 02/10/2025 | | Set Deadlines re 9 Notice of Appeal : Clerk to check status of Appeal on **5/12/2025**. Certificate of Readiness (FRAP 11) due by **2/24/2025**. (baf) (Entered: 02/10/2025) |
| 02/10/2025 | 12 | USCA Acknowledgment/USCA Case Number 25-10415-G Re: 9 Notice of Appeal filed by JOHN J WILSON, JR. (rcb) (Entered: 02/12/2025) |
| 02/24/2025 | 13 | Pursuant to F.R.A.P. 11(c), #25-10415-G the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 9 |

| | | |
|---|---|---|
| | | Notice of Appeal. The entire record on appeal is available electronically. (rcb) (Entered: 02/24/2025) |
| 02/24/2025 | 14 | MOTION TO APPEAL IN FORMA PAUPERIS by JOHN J WILSON, JR. (rcb) (Entered: 02/25/2025) |
| 02/24/2025 | | Set/Reset Deadlines as to 14 MOTION TO APPEAL IN FORMA PAUPERIS. (Internal deadline for referral to judge if response not filed earlier: **3/10/2025)**. (rcb) (Entered: 02/25/2025) |
| 02/24/2025 | 16 | TRANSCRIPT REQUEST by JOHN J WILSON, JR (rcb)**NO HEARINGS TO TRANSCRIBE** Modified on 3/3/2025 (mah). (Entered: 02/25/2025) |
| 02/25/2025 | 15 | ORDER GRANTING 14 LEAVE TO APPEAL IN FORMA PAUPERIS. Accordingly, Plaintiff's appeal is taken in good faith. Plaintiff's motion, ECF No. 14 , is GRANTED. The Clerk shall administratively close the file pending resolution of Plaintiffs appeal. Signed by CHIEF JUDGE MARK E WALKER on 2/25/2025. (rcb) Modified to regenerate NEF to the USCA on 2/26/2025 (rcb). (Entered: 02/25/2025) |
| 05/05/2025 | 17 | PLAINTIFF'S SECOND NOTICE OF CHANGE OF ADDRESS AND REQUEST TO MAILED A COPY OF THE DOCKET by JOHN J WILSON, JR. (rcb) **ADDRESS UPDATED** (Entered: 05/07/2025) |
| 05/12/2025 | 18 | ORDER GRANTING PRO SE MOTION FOR COPIES - Given the limited nature of Plaintiff's request by virtue of the fact that there are less than ten filings in the case below, Plaintiff's motion, ECF No. 17 , is GRANTED. The Clerk shall mail Plaintiff a copy of each of the filings in this case that preceded the notice of appeal-namely, ECF Nos. 1 through 8 , including the complaint, the report and recommendation, the order adopting the report and recommendation, and the judgment. Signed by CHIEF JUDGE MARK E WALKER on 5/12/2025. (baf) (Docket sheet and filings provided by mail as instructed.) (Entered: 05/12/2025) |
| 05/13/2025 | | Set Deadlines re 9 Notice of Appeal. Clerk to check status of Appeal #25-10415 on **8/11/2025**. (rcb) (Entered: 05/13/2025) |
| 06/04/2025 | 19 | MOTION TO CORRECT DEFENDANT LIST DUE TO CLERICAL ERROR OMITTING NAMED DEFENDANTS THROUGH CLERK'S DOCKETING OF THE INSTANT COMPLAINT by JOHN J WILSON, JR. (rcb) (Entered: 06/04/2025) |
| 06/04/2025 | | Set/Reset Deadlines as to 19 MOTION TO CORRECT DEFENDANT LIST DUE TO CLERICAL ERROR OMITTING NAMED DEFENDANTS THROUGH CLERK'S DOCKETING OF THE INSTANT COMPLAINT. (Internal deadline for referral to judge if response not filed earlier: **6/18/2025)**. (rcb) (Entered: 06/04/2025) |
| 06/04/2025 | 20 | ORDER GRANTING 19 PRO SE MOTION TO CORRECT CASE STYLE. Plaintiff's pro se motion, ECF No. 19 , is GRANTED. The Clerk shall correct the case style to reflect that the Police Chief of DeFuniak Springs is a Defendant. Signed by CHIEF JUDGE MARK E WALKER on 6/4/2025. (rcb)** CASE STYLE AMENDED AS DIRECTED** (Entered: 06/04/2025) |
| 06/04/2025 | 21 | Amended COR- Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Northern District of Florida certifies that the record is complete for purposes of this appeal re: 9 Notice of Appeal. The entire record on appeal is available electronically. (rcb) (Entered: 06/05/2025) |
| 08/11/2025 | | Set Deadlines re 9 Notice of Appeal. Clerk to check status of Appeal #25-10415 on **11/9/2025**. (rcb) (Entered: 08/11/2025) |

| | | |
|---|---|---|
| 08/21/2025 | 22 | ORDER of USCA #25-10415 as to 9 Notice of Appeal filed by JOHN J WILSON, JR. On the Courts own motion, the Court directs counsel to be appointed to represent the appellant in this appeal. Counsel will be appointed by separate order. ENTERED FOR THE COURT - BY DIRECTION. (rcb) (Entered: 08/21/2025) |
| 08/29/2025 | 23 | Letter from JOHN J WILSON, JR. (Attachments: # 1 - Third District Court of Appeal Filings, # 2 - Third District Court of Appeal Filings (Pt. 2), # 3 Appendix - A, # 4 Appendix - B, # 5 Appendix - E, # 6 - Addendum, # 7 Exhibit - 1, # 8 Exhibit - 2) (baf) (Entered: 09/02/2025) |
| 09/24/2025 | 24 | NOTICE OF NEWLY DISCOVERED EVIDENCE OF MATERIAL PUBLIC RECORDS FRAUD RESULTING IN PLAINTIFF'S TRANSFER AND BAR FROM THE COURTS OF MIAMI DADE COUNTY by JOHN J WILSON, JR (rcb) (Entered: 09/25/2025) |
| 10/03/2025 | 25 | ORDER of USCA #258-10415 as to 9 Notice of Appeal filed by JOHN J WILSON, JR. The motion to intervene as appellee filed by the Secretary of the Florida Department of Corrections is GRANTED. The Secretary's response brief is due no later than 40 days after Appellants supplemental brief is filed. (rcb) (Entered: 11/12/2025) |
| 11/12/2025 | | Set Deadlines re 9 Notice of Appeal. Clerk to check status of Appeal ##25-10415 on **2/10/2026**. (rcb) (Entered: 11/12/2025) |


## PACER Service Center

### Transaction Receipt

| | | | |
|---|---|---|---|
| 12/09/2025 11:57:50 | | | |
| **PACER Login:** | Caitlinwilcox27 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:24-cv-00616-MW-HTC |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# 1

# Complaint for Violation of Civil Rights (Prisoner Complaint)

Case 3:24-cv-00616-MW-HTC Document 1 Filed 12/09/24 Page 1 of 28

Provided to Walton CI
On 12.4.24 for Mailing
Date
By (officer initials) SH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
*(Write the District and Division, if any, of the court in which the complaint is filed.)*

Sotha J. Wilson, JR
DC # M86-232
Walton Correctional Institution

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-against-**

Ricky Dixon, Sec. Fla. Dep't of Correct.;
Asst. Warden Ralph, Walton C.I.;
Colonel Jackson, Walton C.I., et al.

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

**Complaint for Violation of Civil Rights**
(Prisoner Complaint)

Case No. 3:24cv616-MW-HTC
*(to be filled in by the Clerk's Office)*

Jury Trial: ☑ Yes ☐ No
*(check one)*

NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in *forma pauperis*.

FILED USDC FLND PN
DEC 9 '24 AM11:46

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: John J. Wilson, JR.

All other names by which you have been known:

ID Number: M86-232

Current Institution: Walton Correctional Institution

Address: 691 Institution Road
DeFuniak Springs, FL 32433-1831

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Ricky Dixon

Job or Title (if known): Secretary, Fla. Dep't of Corrections

Shield Number:

Employer: Florida Dep't of Corrections

Address: 501 South Calhoun Street
Tallahassee, FL 32399

☒ Individual capacity ☒ Official capacity

Defendant No. 2

Name: Asst. Warden Ralph

Job or Title (if known): Asst. WARDEN OF WALTON C.I.
Shield Number: 
Employer: WALTON CORRECTIONAL INST.
Address: 691 INSTITUTIONAL ROAD
DEFUNIAK SPRINGS, FL 32433-1831

☒ Individual capacity ☒ Official capacity

Defendant No. 3
Name: COLONEL JACKSON,
Job or Title (if known): COLONEL OF WALTON C.I.
Shield Number: 
Employer: WALTON CORRECTIONAL INST.
Address: 691 INSTITUTIONAL ROAD
DEFUNIAK SPRINGS, FL 32433-1831

☒ Individual capacity ☒ Official capacity

Defendant No. 4
Name: INSPECTOR MARQUIS
Job or Title (if known): INSPECTOR OF WALTON C.I.
Shield Number: 
Employer: WALTON CORRECTIONAL INSTITUTION
Address: 691 INSTITUTIONAL ROAD
DEFUNIAK SPRINGS, FL 32433-1831

☒ Individual capacity ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

§20.055 Fla. Stat.; 5th & 14th Amendments of the U.S. Constitution; Any & All Federal PREA Statutes; & Monell Claim. *See Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Not Applicable

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

* See Attached

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* ______________________

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

* NOT APPLICABLE

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

ON 11/15/24 @ APPROX 10:00 PM IN CELL H1 120 OF ADMINISTRATIVE CONFINEMENT OF WALTON CORRECTIONAL INSTITUTION.

C. What date and approximate time did the events giving rise to your claim(s) occur?

ON 11/15/2024 AT APPROX. 10:00 PM OF CELL #H1 120 OF ADMINISTRATIVE CONFINEMENT AT WALTON C.I.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

* SEE ATTACHED

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

BITE MARKS IN MY HEAD, WHICH REQUIRED TETANUS SHOTS & ANTIBIOTICS; PUNCTURE WOUNDS THROUGHOUT MY BODY CAUSED BY AN IMPROVISED SHANK; BROKEN NOSE & SEVERE BRUISING AND HEAD INJURIES, WHICH REQUIRE RECURRING VISITS TO MEDICAL & PRESCRIPTION OF PAIN KILLERS; BLURRY VISION IN BOTH EYES.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

MONELL CLAIM, TO BE TRANSFERRED OUTSIDE JURISDICTION OF NORTHERN FLORIDA, AND PUNITIVE & COMPENSATORY RELIEF IN A MONETARY AMOUNT TO BE DETERMINED AFTER COUNSEL IS APPOINTED, FOR PERMANENT HEAD & VISION INJURIES, AND SATISFACTION OF PREA CLAIM.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

WALTON CORRECTIONAL INSTITUTION

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

PREA, ALTHOUGH NO INCIDENT REPORTS WERE EVER FILED, THE INSPECTOR FAILED TO INVESTIGATE OR NOTIFY LOCAL AUTHORITIES FOR THE FILING OF CRIMINAL CHARGES AGAINST THE ASSAILANT.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes All informal grievances were failed to be returned, and formal

☐ No grievances covering PREA complaints were failed to be acknowledged or responded to, by Ricky Dixon, Sec. of the Fla. Dep't of Corrections Home office at 501 S. Calhoun Street, Tallahassee, FL 32399

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

WITH "SECURITY," "ASST. WARDEN RALPH," "COLONEL JACKSON," AND DIRECTLY TO RICKY DIXON, AT THE FLA. D.O.C. HOME OFFICE, AND INSPECTOR MARQUIS. SEE ATTACHED. NO RESPONSES HAVE BEEN FORTHCOMING.

2. What did you claim in your grievance?

THAT I WAS SEXUALLY ASSAULTED AND STABBED MULTIPLE TIMES, AND THAT MY PERSONAL SAFETY IS IN JEOPARDY BY REMAINING AT THIS CAMP.

3. What was the result, if any?

THE ONLY RESPONSE I RECEIVED WAS FROM ASST. WARDEN RALPH, DIRECTING ME TO CONTACT INSPECTOR MARQUIS, TO NO AVAIL. HE HAS YET TO RESPOND, DESPITE MULTIPLE ATTEMPTS.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

THE PROCESS IS 100% COMPLETED TO THE EXTENT I FILED ALL REQUIRED INFORMAL GRIEVANCES, AND FAILED TO RECEIVE A RESPONSE; AND FORMAL GRIEVANCES TO ASST. WARDEN & SECRETARY OF D.O.C. ALSO FAILING TO RECEIVE A RESPONSE.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

I FILED ALL REQUIRED GRIEVANCES, BOTH INFORMAL & FORMAL.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I ALSO INFORMED ALL MENTAL HEALTH PROFESSIONALS OF WALTON CORRECTIONAL INSTITUTION.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

I HAVE PREVIOUSLY GRIEVED THE FACT THAT THE GRIEVANCE PROCESS OF WALTON C.I. IS INEXTRICABLY BROKEN.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* – SEE ATTACHED.

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☒ Yes

☐ No

Case 3:24-cv-00618-MW-HTC Document 1 Filed 12/09/24 Page 10 of 28

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Southern District of Florida: 1:15-cv-22098-MBC; 1:16-cv-20651-KMW; 1:16-cv-23571-MBC

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

Plaintiff(s) __________

Defendant(s) __________

2. Court *(if federal court, name the district; if state court, name the county and State)*

__________

3. Docket or index number

__________

4. Name of Judge assigned to your case

__________

5. Approximate date of filing lawsuit

__________

6. Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. __________

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

________________________________________

________________________________________

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ______________________________

   Defendant(s) ______________________________

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ________________________________________

   ________________________________________

3. Docket or index number

   ________________________________________

4. Name of Judge assigned to your case

   ________________________________________

5. Approximate date of filing lawsuit

   ________________________________________

6. Is the case still pending?

   ☐ Yes

   ☐ No

If no, give the approximate date of disposition. ____________

7. What was the result of the case? *(For example: Was the case dismissed? Was-judgment entered in your favor? Was the case appealed?)*

______________________________

______________________________

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/2, 2024

Signature of Plaintiff [signature]
Printed Name of Plaintiff Scott Wilson, Jr.
Prison Identification # M86-232
Prison Address Walton Correctional Inst. 691 Institution Road
DeFuniak Springs, FL 32433-1831
City State Zip Code

### B. For Attorneys

Date of signing: 12/2, 2024

Signature of Attorney ____________
Printed Name of Attorney ____________
Bar Number ____________
Name of Law Firm ____________

Address ______________________________

Telephone Number ______________________________

E-mail Address ______________________________

(14)

(CONTINUED)

## PART II: BASIS OF JURISDICTION

(1) D. Ricky Dixon, Sec. of the Fla. Dep't of Corrections, acted under the color of state law, by &-through refusing to answer, respond to, or acknowledge PREA incident that occurred on 11/15/24 in cell H1120 of administrative confinement at Walton Correctional Institution, in DeFuniak Springs, Fla. All formal grievances filed with his office have been met by "non-response" in contradiction to the grievance process established by the Fla. Dep't of Corrections, regarding PREA incidents. This incident, to the best of my knowledge & belief, is failing to be recorded via "incident report" or investigated in any meaningful way by the home office of Ricky Dixon, or the institution on site, as would customarily be required regarding such incidents regarding PREA. *See Monroe v. Pape, 365 U.S. 167 (1961).

(2) Police Chief, DeFuniak Springs, FL; Plaintiff made multiple efforts through requests to file formal, outside charges against the assailant responsible for the sexual assault, yet all entreaties to the institution for the local police to be duly notified so such a police report could

DOCUMENTED & FILED, FAILED TO BE ACKNOWLEDGED. ALL MENTAL HEALTH PROFESSIONALS NOTIFIED OF THE SEXUAL ATTACK OCCURRING ON 11/15/24 AT WALTON C.I., HAVE CONFIRMED THEIR FULFILLMENT OF THEIR OBLIGATION TO INFORM SENIOR WALTON ADMINISTRATIVE STAFF OF THE DESIRE OF PLAINTIFF TO PRESS OUTSIDE LOCAL CHARGES AGAINST ASSAILANT, BUT ALL MENTAL HEALTH STAFF AT WALTON CONFIRM THEIR REQUESTS HAVE BEEN WITH "DELIBERATE INDIFFERENCE." SEE UNITED STATES V. MUNIZ, 374 U.S. 150 (1963).

THIS CLAIM NAMING THE DEFUNIAK SPRINGS POLICE CHIEF ALSO AS A DEFENDANT IN BOTH HIS INDIVIDUAL & OFFICIAL CAPACITY MAY BE DEEMED A "MONELL CLAIM," WHERE THE PREA LAW WAS EXPANDED TO INCLUDE MEMBERS OF THE MUNICIPAL AND CITY GOVERNMENTS. * SEE MONELL V. NEW YORK DEP'T OF SOCIAL SERVICES, 436 U.S. 658 (1978).

(3) ASST. WARDEN RALPH WAS NOTIFIED VIA INFORMAL GRIEVANCE PROCEDURE OF THE PREA INCIDENT OCCURRING ON 11/15/24 BUT THE GRIEVANCE WAS FAILED TO BE PROPERLY "RESPONDED TO, WHEREBY SHE TREATED THE INFORMAL GRIEVANCE AS AN "INMATE REQUEST" AND SIMPLY DIRECTED ME TO CONTACT INSPECTOR MARQUIS. THIS WAS A VIOLATION OF INFORMAL GRIEVANCE PROCEDURE AS MANDATED THROUGH THE

RULES GOVERNING THE ADMINISTRATIVE CODE OF THE FLA. DEP'T OF CORRECTIONS, CHAPTER 33 POLICY. FORMAL GRIEVANCES WERE ALSO SUBSEQUENTLY FILED TO BOTH WARDEN OF WALTON C.I., T. KNIGHT, AND ASST. WARDEN RALPH, BUT ALL SUCH SUBSEQUENT GRIEVANCES WERE FAILED TO BE EITHER ACKNOWLEDGED OR RESPONDED TO. ASST. WARDEN RALPH ACTED UNDER THE COLOR OF STATE LAW TO BE NAMED AS A DEFENDANT IN THIS COMPLAINT, PURSUANT TO *MONROE V. PAPE, 365 U.S. 167 (1961).

(4.) COLONEL JACKSON, "OVER SEEING SECURITY" AT WALTON C.I. AT THE TOP OF THE CHAIN OF COMMAND AS THE HIGHEST RANKING OPERATING OFFICER OF WALTON C.I., IT IS JACKSON'S PRACTICE TO COERCE INMATES IN CONFINEMENT BY CREATING DANGEROUS & CARELESS CONDITIONS BY PLACING INMATES IN HAZARDOUS SITUATIONS IN ROOMS WITH PSYCHOTIC AND DISTURBED INMATES, AND THEN PUTTING THE CELL ON "STRIP" WHEREBY ALL CLOTHING, HYGIENE, BLANKET, AND SLEEPING MATTRESSES ARE REMOVED FROM THE CELL.

I INFORMED PSYCH. COUNSELOR OF IMMINENT THREAT THE AFTERNOON OF 11/15/24, BUT JACKSON ADVISED I SHOULD NOT BE MOVED FROM THE CELL WHERE THE SEXUAL ASSAULT HAD TAKEN PLACE LATER THAT EVENING. THESE FACTS CAN BE CONFIRMED BY THE PSYCHOLOGICAL PROFESSIONALS AT WALTON (WHO MEMORALIZED)

Colonel Jackson's Behavior for the official Record of internal notes documenting the sexual assault on 11/15/24.

It is Colonel Jackson's informal Policy to have all Walton officers systematically ignore all informal grievances, to prevent such meritorious complaints from reaching the higher echelon management positions of Home Office of the Fla. Dep't of Corrections, at 501 S. Calhoun Street, in Tallahassee.

All informal grievances submitted directly to Colonel Jackson regarding this incident have never been answered, responded to, or returned, for submission to either the Warden of Walton C.I., or the Secretary's office in Tallahassee.

(8.) Inspector Marquis, having jurisdictional responsibility to investigate such incident of sexual assault occurring on 11/15/24. See attached informal grievance date stamped by Asst. Warden Ralph, and responded to as a common "Request," identifying Inspector Marquis as the primary official responsible for investigating and documenting such PREA incidents.

All subsequent informal grievances submitted to Inspector Marquis, in lieu of Asst. Warden Ralph's directive have gone unanswered & unresponded to, preventing the complaint to be appealed to a higher level of either Walton C.I., or D.O.C Home office.

# PART IV: STATEMENT OF CLAIM



1) ON THE AFTERNOON OF 11/15/24, I MET WITH WALTON MENTAL HEALTH SERVICES PROFESSIONAL TO ADVISE OF A MENTALLY DISTURBED, PSYCHOTIC INMATE PLACED IN MY CELL (H1120) OF ADMINISTRATIVE CONFINEMENT.

2) COLONEL JACKSON & OTHER WALTON SECURITY STAFF WERE THEN ADVISED OF THE PROBLEM BY WALTON MENTAL HEALTH SERVICES STAFF OF THE NEED OF EITHER I, OR THE INMATE, TO BE MOVED.

3) WALTON SECURITY STAFF WERE DELIBERATELY PLACING PSYCHOTIC, VIOLENT, MENTALLY DISTURBED INMATES IN MY CELL TO COERCE ME TO LEAVE ADMINISTRATIVE CONFINEMENT, WHEREBY I HAD PREVIOUSLY REFUSED HOUSING (3) THREE TIMES WITHOUT BEING TRANSFERRED FROM THE INSTITUTION, AGAINST D.O.C. POLICY REQUIRING SUCH A TRANSFER.

4) I HAD BEEN SYSTEMATICALLY DEPRIVED OF ALL LAW LIBRARY ACCESS, AND TO ALL INDIGENT LEGAL SUPPLIES TO CONTACT THE COURTS, CAUSING MY LEGAL DEADLINES TO EXPIRE, AND ALL MY ~~APP~~ PENDING APPEALS TO BE DISMISSED FOR FAILING TO FILE IN THE TIME ALLOWED BY THE THIRD DISTRICT COURT OF APPEAL, AND U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA. I HAD BEEN TRANSFERRED TO THIS DYSFUNCTIONAL

CAMP OF WALTON C.I. IN DELIBERATE EFFORTS BY THE FLA. DEP'T OF CORRECTIONS TO OBSTRUCT ANY FURTHER LEGAL FILINGS IN MY CASES INVOLVING THE EXPOSURE OF A STATE WIDE MONEY LAUNDERING SCHEME USED TO OMIT AND/OR ALTER ALL PUBLIC RECORDS FROM MY CRIMINAL APPEAL, PAID WITH STATE TAX-PAYER FUNDS THROUGH THE JUSTICE AID MINISTRATIVE COMMISSION ("J.A.C.") IN TALLAHASSEE. I WAS REFUSING HOUSING TO BE TRANSFERRED FROM WALTON C.I. IN ORDER TO BE ABLE TO FILE IN THE PENDING CIVIL & CRIMINAL CASES FROM A LAW LIBRARY AT ANOTHER INSTITUTION.

(5) ON THE EVENING OF 11/15/24 IN THE ADMINISTRATIVE CONFINEMENT WING OF CELL (H'1120) I WAS VIOLENTLY SEXUALLY ASSAULTED BY THE INMATE IN MY CELL WHO I HAD WARNED MENTAL HEALTH SERVICES ABOUT PREVIOUSLY THAT AFTERNOON.

(6.) I WAS REPEATEDLY STABBED BY AN IMPROVISED SHANK WHILE LYING IN BED, WITHOUT WARNING, AND BITTEN IN VARIOUS AREAS OF MY HEAD & NECK, REQUIRING AIDS MEDICATION, ANTI-BIOTICS, AND A TETANUS SHOT.

(7.) OFFICER POSTON TOOK ME OUT OF THE CELL AT APPROXIMATELY 10:15 PM. THE

NEXT PAGE

ASSAULT TOOK PLACE OVER A PERIOD OF 15 MINUTES, WITHOUT ANY HELP OR ASSISTANCE FROM SECURITY DURING THE PERIOD OF TIME THE SEXUAL ASSAULT WAS OCCURRING, PURSUANT TO 28 C.F.R. PART 115, STANDARD 115.6.

(7) UPON BEING REMOVED FROM THE CELL THE VIOLENT INMATE WAS LEFT INSIDE THE CELL, AND PROCEEDED TO PUT ALL OF MY LEGAL PROPERTY & DOCUMENTS INTO THE TOILET OF THE CELL. OFFICER POSTON WAS A MATERIAL WITNESS TO THESE EVENTS.

(8) PHOTOS WERE THEN TAKEN OF MY EXTENSIVE BODILY INJURIES BY WALTON MEDICAL STAFF, INCLUDING BUT NOT LIMITED TO CONTUSIONS COVERING MY TORSO AND LEGS, AND DEEP, ABNORMAL PUNCTURE WOUNDS TO MY HANDS & FEET. I SUFFER FROM BLURRED VISION OF MY LEFT EYE, AND RECURRING MIGRAINE STRENGTH HEADACHES, WHICH I CONTINUE TO SEE MEDICAL

ABOUT AS A RESULT OF THIS INCIDENT. 

(9.) I FORMALLY REQUESTED OUTSIDE CHARGES BE FILED AGAINST THIS INMATE, BUT TO THE BEST OF MY KNOWLEDGE & BELIEF, OUTSIDE AUTHORITIES WERE NEVER NOTIFIED.

(10.) I WAS NEVER ALLOWED TO FILE MY OWN INCIDENT REPORT IN THIS MATTER, AND HAVE NEVER BEEN PRIVY TO ANY OTHER REPORT OR DOCUMENT FILED BY THE SECURITY STAFF OF WALTON C.I. ALL INQUIRIES REGARDING THESE ISSUES BY AND THROUGH EITHER INFORMAL OR FORMAL INMATE GRIEVANCES HAVE FAILED TO BEEN RESPONDED TO BY WALTON C.I., OR THE OFFICE OF THE SECRETARY OF THE FL. DEP'T OF CORRECTIONS, RICKY DIXON.

(11.) THE ONLY RESPONSE I'VE GOTTEN IS ENCLOSED HEREWITH, FROM ASSISTANT WARDEN RALPH OF WALTON C.I., ADVISING ME TO CONTACT INVESTIGATOR MARQUIS.

(12) DESPITE MULTIPLE REQUESTS & GRIEVANCES TO INSPECTOR MARQUIS, HE HAS FAILED TO RESPOND IN ANY WAY. THE ENTIRE INCIDENT AND PREA CASE IS BEING "COVERED-UP" BY WALTON C.I., IN CONJUNCTION WITH THE SECRETARY'S OFFICE, LOCATED AT 501 SOUTH CALHOUN STREET, IN TALLAHASSEE, FLORIDA.

RESPECTFULLY SUBMITTED,

[signature],

DC# M86-232
WALTON CORRECTIONAL INSTITUTION
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FL 32433

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JUL 29 2024
Department of Corrections
Office of Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Wilson John J. | M86-232 | WALTON C.I. |
|---|---|---|
| Last First Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance** 24-6-23421

APPEAL OF DR # 108-241015

AFTER DULY APPEALING THE ABOVE CITED DR TO THE WARDEN WITHIN THE TIME ALLOWED, AND NOT RECEIVING AN ANSWER, NOTIFICATION, OR CONFIRMATION REGARDING SAID APPEAL AS OF THIS DATE ON 7/24/24, I HEREBY APPEAL TO THE SECRETARY, RICKY DIXON, BASED ON MATERIALLY FALSIFIED D.O.C. REPORT ISSUED ON 7/2/24, WHICH STATED: "INMATE REFUSED TO APPEAR AT HIS DISCIPLINARY HEARING AND DID NOT SIGN FORM DC6-112D."

THE FACT IS I WAS DELIBERATELY OBSTRUCTED FROM ATTENDING DR COURT WHILE CONFINED TO CELL # H2109(U), TO PREVENT THE TRUE FACTS OF THE INCIDENT FROM COMING TO LIGHT THAT TRANSPIRED ON 6/25/24 AT 8:40 AM IN THE CLASSIFICATION HALLWAY OUTSIDE THE OFFICE OF MS. ARCH, CLASSIFICATION OFFICER. THE INCIDENT HAS SINCE BEEN REPORTED TO ASST. INVESTIGATOR GENERAL ARMSTRONG, AND THE SUBSEQUENT CAMPAIGN OF RETALIATION (INSTITUTED) AT WALTON C.I. AS A RESULT THEREOF.

| 7/24/24 | [signature] M86-232 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ / ____
\# Signature

**INSTRUCTIONS**

**This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).**

**When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the**

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse,** on the behalf of:

| Wilson, John | S. | M86-232 | WALTON C.I. |
|---|---|---|---|
| Last First | Middle Initial | DC Number | Institution |

2407-108-023

**Part A – Inmate Grievance**

APPEAL OF DISCIPLINARY REPORT
#108-241015

ON 7/2/2024 A FALSIFIED RECORD WAS FILED AT 6:58, STATING, "INMATE REFUSED TO APPEAR AT HIS DISCIPLINARY HEARING AND DID NOT SIGN FORM DC6-112I) NOTING WAIVER OF RIGHT TO BE PRESENT AT DISCIPLINARY HEARING, WHICH WAS WITNESSED BY STAFF MEMBERS."

INMATE HEREFORTH RESPECTFULLY ADVISES ALL ADMINISTRATION ON THE PREMISES, WILSON WAS OBSTRUCTED FROM ATTENDING DR PROCEEDINGS, OR FROM DEFENDING HIMSELF, OR FROM BEING PRESENT, AGAINST HIS WILL, IN VIOLATION OF CHAPTER 33 RELATING TO INMATE'S DUE PROCESS ~~[illegible]~~ RIGHTS TO BE PRESENT AND ATTEND ALL PROCEEDINGS.

RELIEF REQUESTED

PLEASE DROP DR AND ALL RELATED SANCTIONS, INCLUDING REINSTATEMENT OF GAIN TIME

7/7/24 DATE

[signature] M86-232 SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ # ____ Signature

DISC 05-G

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the

**PART B - RESPONSE**

| WILSON, JOHN | M86232 | 2407-108-023 | WALTON C.I. | G1117(U) ~~T2111U~~ |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

YOU ARE GRIEVING DR LOG# 108-241015 WHICH YOU RECEIVED ON 06/25/2024 FOR 9-17 DISORDERLY CONDUCT,
YOUR GRIEVANCE HAS BEEN REVIEWED AND EVALUATED. A REVIEW OF THE DISCIPLINARY REPORT WAS CONDUCTED AND REFLECTS THE FOLLOWING.
1. YOU REFUSED TO PRESENT FOR YOU DR HEARING AS NOTED ON THE DC6-112D REFUSAL OF RIGHT TO BE PRESENT AT DISCIPLINARY HEARING AND REFUSED TO AFFIX SIGNATURE WHICH WAS WITNESSED BY TWO STAFF MEMBERS.
THE INFORMATION YOU PROVIDED IN THIS GRIEVANCE ARE FUNDAMENTALLY THE SAME AS THOSE YOU EITHER PRESENTED, OR WERE AFFORDED THE OPPORTUNITY TO PRESENT, TO THE DISCIPLINARY TEAM PRIOR TO THEIR DECISION. THERE WERE NO PROCEDURAL OR TECHNICAL ERRORS FOUND IN THE WRITING, INVESTIGATION, AND DISPOSITION OF THE DISCIPLINARY REPORT IN QUESTION. ANY WITNESS STATEMENT(S) AND EVIDENCE WERE CONSIDERED BY THE TEAM BEFORE RENDERING ITS DECISION.
YOU HAVE NOT PRESENTED SUFFICIENT EVIDENCE OR INFORMATION TO WARRANT OVERTURNING THE DISCIPLINARY REPORT.
BASED ON THE ABOVE YOUR GRIEVANCE IS BEING DENIED.

GRIEVANCE IS DENIED.

YOU MAY OBTAIN FURTHER REVIEW OF YOUR COMPLAINT BY PROPERLY COMPLETING A DC1-303, PROVIDING ATTACHMENTS AS REQUIRED BY CHAPTER 33-103 AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCES, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL 32399-2500.

| S. CARROLL *S. Carroll* | T. KNIGHT WARDEN *[signature] AW acting* | 07/12/2024 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

MAILED
JUL 19 2024
ASST. WARDEN PROGRAMS
WALTON CI

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

# INMATE REQUEST

Mail Number:
Team Number: 03
Institution: WALTON C.I.

TO: (Check One) ☐ Warden ☑ Asst. Warden ☐ Classification ☐ Security ☐ Medical ☐ Mental Health ☐ Dental ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | John J. Wilson, JR. | M86-232 | H1105(L) | CONFINE. | 11/21/24 |

Check here if this is an informal grievance ☑

## REQUEST

DEAR A.W. RALPH – PLEASE BE RESPECTFULLY ADVISED, I FORMALLY REQUESTED TO PRESS CRIMINAL CHARGES AGAINST THE VIOLENT INMATE RESPONSIBLE FOR MY INJURIES DURING THE SEXUAL ASSAULT & BATTERY THAT TOOK PLACE IN CELL H1120 OF ADMINISTRATIVE CONFINEMENT ON FRI. 11/15/24 @ APPROX. 10:00PM.

TO THE BEST OF MY KNOWLEDGE, NO POLICE REPORT WAS DULY FILED, NOR WAS MY STATEMENT TAKEN OR A PREA OR INCIDENT REPORT FILED TO THE SEC. OF THE FLA. DEP'T OF CORRECTIONS, OR THE LOCAL POLICE DOCUMENTING SUCH ASSAULT.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): [signature] DC#: M86-232

DO NOT WRITE BELOW THIS LINE

DATE RECEIVED: RECEIVED NOV 22 2024 ASST. WARDEN PROGRAMS WALTON C.I.

## RESPONSE

Received 11/22/2024. This must be documented by security & submitted as a MINS. – Inspector Marquis

[The following pertains to informal grievances only:

Based on the above information, your grievance is ______________ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): | Official (Signature): | Date:

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

Wilson John J., DC# M86232
Walton Correctional Institution
691 Institution Rd.
DeFuniak Springs, FL 32433
LEGAL MAIL

Correctional
Institution

FIRST-CLA

US POSTAGE IMPITNEY BOWES
ZIP 32433
02 7H
0006070546
$ 002.31⁰
DEC 04 2024

*Attention: (Clerk of Court, New Case Filing)
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT (Pensacola Division)
1 N. Palafox St.
Pensacola, FL 32502-5665

DEC 09 2024

Mailed From A

Provided to Walton CI
On 12·4·24 for Mailing
Date
By (officer initials) 8A

# 2

# Application to Proceed in District Court Without Prepaying Fees or Costs

# UNITED STATES DISTRICT COURT

for the NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION

JOHN J. WILSON, JR.
*Plaintiff/Petitioner*

v.

RICKY DIXON, SEC. FLA. DEP'T OF CORRECT.; ASST. WARDEN RALPH, WALTON C.I., et al.
*Defendant/Respondent*

Civil Action No. 3:24CV616-MW-HTC

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Long Form)

**Affidavit in Support of the Application**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested. I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims.

Signed: [signature]

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 12/2/24

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly income amount during the past 12 months | | Income amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ N/A | $ — | $ — |
| Self-employment | $ 0 | $ N/A | $ — | $ — |
| Income from real property *(such as rental income)* | $ 0 | $ N/A | $ — | $ — |
| Interest and dividends | $ 0 | $ N/A | $ — | $ — |
| Gifts | $ 0 | $ N/A | $ — | $ — |
| Alimony | $ 0 | $ N/A | $ — | $ — |
| Child support | $ 0 | $ N/A | $ | $ |

FILED USDC FLND PN
DEC 9 '24 AM11:46

| | | | | |
|---|---|---|---|---|
| Retirement *(such as social security, pensions, annuities, insurance)* | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability *(such as social security, insurance payments)* | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance *(such as welfare)* | $ 0 | $ 0 | $ 0 | $ 0 |
| Other *(specify)*: | $ 0 | $ 0 | $ 0 | $ 0 |
| **Total monthly income:** | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

2. List your employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | | | $ 0 |
| N/A | | | $ 0 |

3. List your spouse's employment history for the past two years, most recent employer first. *(Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| | | | $ |
| N/A | | | $ |
| | | | $ |

4. How much cash do you and your spouse have? $ ________

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| N/A | | $ | $ |
| | | $ | $ |

If you are a prisoner, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Assets owned by you or your spouse | |
|---|---|
| Home *(Value)* | $ 0 |
| Other real estate *(Value)* | $ 0 |
| Motor vehicle #*1* *(Value)* | $ 0 |
| Make and year: N/A | |
| Model: | |
| Registration #: | |
| Motor vehicle #*2* *(Value)* N/A | $ |
| Make and year: | |
| Model: | |
| Registration #: | |
| Other assets *(Value)* | $ 0 |
| Other assets *(Value)* | $ 0 |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| 0 | $ N/A | $ — |
| 0 | $ N/A | $ — |
| 0 | $ N/A | $ — |

7. State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| N/A | — | — |
| | — | — |
| | — | — |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your spouse |
|---|---|---|
| Rent or home-mortgage payment *(including lot rented for mobile home)*<br>Are real estate taxes included? ☐ Yes ☐ No<br>Is property insurance included? ☐ Yes ☐ No | $ N/A | $ — |
| Utilities *(electricity, heating fuel, water, sewer, and telephone)* | $ 0 | $ — |
| Home maintenance *(repairs and upkeep)* | $ 0 | $ — |
| Food | $ 0 | $ — |
| Clothing | $ 0 | $ — |
| Laundry and dry-cleaning | $ 0 | $ — |
| Medical and dental expenses | $ 0 | $ — |
| Transportation *(not including motor vehicle payments)* | $ 0 | $ — |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ — |
| Insurance *(not deducted from wages or included in mortgage payments)* | | |
| Homeowner's or renter's: | $ — | $ — |
| Life: | $ — | $ — |
| Health: | $ — | $ — |
| Motor vehicle: | $ — | $ — |
| Other: | $ — | $ — |
| Taxes *(not deducted from wages or included in mortgage payments) (specify)*: | $ 0 | $ 0 |
| Installment payments | | |
| Motor vehicle: | $ 0 | $ 0 |
| Credit card *(name)*: | $ — | $ — |
| Department store *(name)*: | $ — | $ — |
| Other: | $ — | $ — |
| Alimony, maintenance, and support paid to others | $ — | $ — |

| | | |
|---|---|---|
| Regular expenses for operation of business, profession, or farm *(attach detailed statement)* | $ Ø | $ Ø |
| Other *(specify)*: | $ | $ |
| **Total monthly expenses:** | $ **0.00** | $ **0.00** |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

   ❒ Yes ☑ No If yes, describe on an attached sheet.

10. Have you paid — or will you be paying — an attorney any money for services in connection with this case, including the completion of this form? ❒ Yes ☑ No

    If yes, how much? $ Ø

    If yes, state the attorney's name, address, and telephone number:

11. Have you paid — or will you be paying — anyone other than an attorney *(such as a paralegal or a typist)* any money for services in connection with this case, including the completion of this form? ❒ Yes ☑ No

    If yes, how much? $ ______

    If yes, state the person's name, address, and telephone number:

12. Provide any other information that will help explain why you cannot pay the costs of these proceedings.

    NONE

13. Identify the city and state of your legal residence.

    DEFUNIAK SPRINGS, FLORIDA

    Your daytime phone number: ______

    Your age: ______ Your years of schooling: B.A./M.B.A.

    Last four digits of your social-security number: 7789

Wilson John J., DC# M86232
Walton Correctional Institution
691 Institution Rd.
DeFuniak Springs, FL 32433
LEGAL MAIL

Correctional
Institution

FIRST-CLA

US POSTAGE PITNEY BOWES
ZIP 32433
02 7H
0006070546
$ 002.31⁰
DEC 04 2024

*Attention: (Clerk of Court, New Case Filing)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT (Pensacola Division)
1 N. Palafox St.
Pensacola, FL 32502-5665

DEC 09 2024

# 4

# Order and Report and Recommendation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN J. WILSON, JR.,

Plaintiff,

v. Case No. 3:24cv616-MW-HTC

RICKY DIXON, et al.,

Defendants.
______________________/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff John J. Wilson, Jr., a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and a motion to proceed *in forma pauperis*,[1] Doc. 2. After reviewing Wilson's litigation history, the undersigned concludes the motion should be denied and this case should be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Wilson is a three-striker who has neither paid the filing fee nor alleged he is in imminent danger of serious physical injury.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

---

[1] Wilson's complaint and motion are not on the Court's required forms. *See* N.D. Fla. Loc. R. 5.3 and 5.7(A). In addition, the motion is incomplete because it does not include a signed prisoner consent form or a 6-month inmate account statement, *see* 28 U.S.C. § 1915(a)(2).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Wilson is a three-striker, as he has brought at least three federal actions and appeals that were dismissed as frivolous or for failure to state a claim. *See Wilson v. Susarez*, Appeal No. 18-13735, Doc. 18 (11th Cir. Mar. 12, 2019) (dismissing appeal as frivolous); *Wilson v. Apex Reporting Grp., Inc.*, Appeal No. 18-12875, Doc. 19 (11th Cir. Jan. 7, 2019) (dismissing appeal as frivolous); *Wilson v. City of Miami Police Chief*, Appeal No. 16-16093, Doc. 17 (11th Cir. May 25, 2017) (dismissing appeal as frivolous); *Wilson v. City of Miami Police Chief*, Case No. 1:16cv20244-

FAM, Doc. 13 (S.D. Fla. Feb. 29, 2016) (dismissing complaint as barred by the statute of limitations pursuant to 28 U.S.C. § 1915A and § 1915(e) and, alternatively, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilson v. Carlos*, Case No. 1:15cv22098-MGC, Doc. 48 (S.D. Fla. Oct. 30, 2015) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)). All the above cases and appeals bear Wilson's FDOC inmate number (M86232), which confirms he filed them.

As Wilson has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Wilson's complaint fails to satisfy this standard. Wilson sues the Secretary of the FDOC and three supervisory officials at Walton Correctional Institution. Wilson alleges: (1) on the afternoon of November 15, 2024, he complained that his cellmate was a "mentally disturbed, psychotic inmate"; (2) Defendant Jackson decided not to separate Wilson and his cellmate; (3) Wilson was attacked and sexually assaulted by his cellmate later on November 15; and (4) the Defendants did not take appropriate action following the attack. Doc. 1. Regarding the aftermath of the attack, Wilson asserts the attack was not adequately investigated, an incident report was not filed, his grievances were not properly responded to, and local law enforcement was not notified to criminally charge the assailant.

Wilson's allegations are not sufficient to satisfy the imminent danger exception to § 1915(g). First, the allegations regarding the November 15 attack do not show Wilson is *currently* in imminent danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."). Indeed, Wilson admits he was separated from his cellmate approximately fifteen minutes after the attack began. Doc. 1 at 19-20.

Second, the only allegations in the complaint conceivably relevant to the imminent danger inquiry are conclusory. Wilson asserts: (1) in one of his grievances, he claimed "my personal safety is in jeopardy by remaining at this camp," Doc. 1 at 8; and (2) "it is [Defendant] Jackson's practice to coerce inmates in confinement by creating dangerous and careless conditions by placing inmates in hazardous situations, in rooms with psychotic and disturbed inmates, and then putting the cell on 'strip,' whereby all clothing, hygiene, blanket, and sleeping mattresses are removed from the cell," Doc. 1 at 16. Neither of these allegations are specific enough to show that Wilson is currently in imminent danger of serious physical injury. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, (11th Cir. 2009) ("general assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a

pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Because Wilson has not paid the filing fee and has not alleged any specific facts supporting the existence of imminent danger, his complaint should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

1. Wilson's motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the Clerk close the file.

At Pensacola, Florida, this 11th day of December, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

# 5

# Order and Report and Recommendation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN J. WILSON, JR.,

Plaintiff,

v. Case No. 3:24cv616-MW-HTC

RICKY DIXON, et al.,

Defendants.
_______________________/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff John J. Wilson, Jr., a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, Doc. 1, and a motion to proceed *in forma pauperis*,[1] Doc. 2. After reviewing Wilson's litigation history, the undersigned concludes the motion should be denied and this case should be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Wilson is a three-striker who has neither paid the filing fee nor alleged he is in imminent danger of serious physical injury.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

[1] Wilson's complaint and motion are not on the Court's required forms. *See* N.D. Fla. Loc. R. 5.3 and 5.7(A). In addition, the motion is incomplete because it does not include a signed prisoner consent form or a 6-month inmate account statement, *see* 28 U.S.C. § 1915(a)(2).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Wilson is a three-striker, as he has brought at least three federal actions and appeals that were dismissed as frivolous or for failure to state a claim. *See Wilson v. Susarez*, Appeal No. 18-13735, Doc. 18 (11th Cir. Mar. 12, 2019) (dismissing appeal as frivolous); *Wilson v. Apex Reporting Grp., Inc.*, Appeal No. 18-12875, Doc. 19 (11th Cir. Jan. 7, 2019) (dismissing appeal as frivolous); *Wilson v. City of Miami Police Chief*, Appeal No. 16-16093, Doc. 17 (11th Cir. May 25, 2017) (dismissing appeal as frivolous); *Wilson v. City of Miami Police Chief*, Case No. 1:16cv20244-

FAM, Doc. 13 (S.D. Fla. Feb. 29, 2016) (dismissing complaint as barred by the statute of limitations pursuant to 28 U.S.C. § 1915A and § 1915(e) and, alternatively, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilson v. Carlos*, Case No. 1:15cv22098-MGC, Doc. 48 (S.D. Fla. Oct. 30, 2015) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915(e)). All the above cases and appeals bear Wilson's FDOC inmate number (M86232), which confirms he filed them.

As Wilson has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Wilson's complaint fails to satisfy this standard. Wilson sues the Secretary of the FDOC and three supervisory officials at Walton Correctional Institution. Wilson alleges: (1) on the afternoon of November 15, 2024, he complained that his cellmate was a "mentally disturbed, psychotic inmate"; (2) Defendant Jackson decided not to separate Wilson and his cellmate; (3) Wilson was attacked and sexually assaulted by his cellmate later on November 15; and (4) the Defendants did not take appropriate action following the attack. Doc. 1. Regarding the aftermath of the attack, Wilson asserts the attack was not adequately investigated, an incident report was not filed, his grievances were not properly responded to, and local law enforcement was not notified to criminally charge the assailant.

Wilson's allegations are not sufficient to satisfy the imminent danger exception to § 1915(g). First, the allegations regarding the November 15 attack do not show Wilson is *currently* in imminent danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute."). Indeed, Wilson admits he was separated from his cellmate approximately fifteen minutes after the attack began. Doc. 1 at 19-20.

Second, the only allegations in the complaint conceivably relevant to the imminent danger inquiry are conclusory. Wilson asserts: (1) in one of his grievances, he claimed "my personal safety is in jeopardy by remaining at this camp," Doc. 1 at 8; and (2) "it is [Defendant] Jackson's practice to coerce inmates in confinement by creating dangerous and careless conditions by placing inmates in hazardous situations, in rooms with psychotic and disturbed inmates, and then putting the cell on 'strip,' whereby all clothing, hygiene, blanket, and sleeping mattresses are removed from the cell," Doc. 1 at 16. Neither of these allegations are specific enough to show that Wilson is currently in imminent danger of serious physical injury. *See Sutton v. Dist. Atty's Office*, 334 F. App'x 278, (11th Cir. 2009) ("general assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a

pattern of misconduct evidencing the likelihood of imminent serious physical injury'") (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). Because Wilson has not paid the filing fee and has not alleged any specific facts supporting the existence of imminent danger, his complaint should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

1. Wilson's motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the Clerk close the file.

At Pensacola, Florida, this 11th day of December, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

# 6

# Objection to 5 Report and Recommendations

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

1 OF 8

Provided to Walton CI
On 12-20-24 for Mailing
Date
By (officer initials) [illegible]

JJW

John J. Wilson, JR
Plaintiff

Vs. CASE No.: 3:24-cv-00616-MW-HTC

Ricky Dixon, et al
Defendants

OBJECTIONS TO MAGISTRATE'S REPORT & RECOMMENDATIONS WITH NEW EVIDENCE OF FORMAL GRIEVANCE LOG # 24-6-37429, PROVING PLAINTIFF'S CLAIM OF "IMMINENT DANGER OR THREAT OF SERIOUS PHYSICAL INJURY"

Plaintiff Hereby Respectfully and Unequivocally Asserts the Fact He is under threat of imminent

FILED USDC FLND PN
DEC 27 '24 PM12:55

PHYSICAL INJURY, INVOKING THE EXCEPTION, PURSUANT TO 28 U.S.C. §1915 (g) UNDER THE PLRA, TO BE GRANTED LEAVE TO PROCEED IN FORMA PAUPERIS, AND IN SUPPORT OF THE OBJECTIONS TO THE MAGISTRATE'S REPORT, PLAINTIFF WOULD RESPECTFULLY STATE:

1) THE PERPETRATOR OF THE INCIDENT OCCURRING ON 11/15 BY INVOLVING THE THE SEXUAL ASSAULT IS STILL AT LARGE, AND WANDERING FREELY ON THE WALTON PRISON COMPOUND, MAKING VIOLENT THREATS.

2) PLAINTIFF HAS COME ACROSS PERPETRATOR TWICE SO FAR: ONCE IN THE MEDICAL ANNEX,

AND ONCE AT THE SECURITY GATE AS HE WAS BEING RELEASED FROM CONFINEMENT.

3) THIS INDIVIDUAL HAS THREATENED PLAINTIFF'S LIFE ON PRIOR OCCASSIONS, AND PLAINTIFF BEARS THE INJURIES OF PUNCTURE WOUNDS FROM AN IMPROVISED OBJECT THAT PLAINTIFF WAS STABBED WITH BY THE PERPETRATOR DURING THE EPISODE OF THE SEXUAL ASSAULT, OCCURRING ON 11/15/24.

4) PLAINTIFF HEREBY ATTACHED FORMAL INMATE GRIEVANCE LOG # 24-6-37429, SPECIFICALLY

STATING THE IMMINENT THREAT AND DANGER OF SERIOUS THREAT PHYSICAL INJURY HE IS UNDER, AS EVIDENCED BY HIS STATEMENT IN FORMAL GRIEVANCE LOG# 24-6-37429, THAT: "I HAVE YET TO BE PLACED ON [PROTECTION MANAGEMENT] STATUS, OR BE ASSIGNED TO I.C.T. TO EVALUATE MY SAFETY CONCERNS RETURNING TO THE WALTON COMPOUND." SEE ATTACHED FORMAL GRIEVANCE LOG# 24-6-37429.

5. PLAINTIFF IS JUST IN RECEIPT OF HIS FORMALLY FILED GRIEVANCE LOG# 24-6-37429 AS OF 12/16/2024.

LEGAL ARGUMENT

"IN REVIEWING WHETHER THE NON-

MOVING PARTY HAS MET ITS BURDEN, THE [C]OURT MUST STOP SHORT OF WEIGHING THE EVIDENCE AND MAKING CREDIBILITY DETERMINATIONS OF THE TRUTH OF THE MATTER." TIPTON V. BERGROHR GMBH-SIEGEN, 965 F.2d 994, 998-99 (11TH CIR. 1992) (CITATIONS OMITTED). "INSTEAD, THE EVIDENCE OF THE NONMOVANT IS TO BE BELIEVED, AND ALL JUSTIFIABLE INFERENCES ARE TO BE DRAWN IN HIS FAVOR." Id. AT 999 (CITATIONS AND INTERNAL QUOTATIONS OMITTED).

IT WAS ALSO FAILED TO BE CITED IN THE MAGISTRATE'S REPORT THAT THIS COMPLAINT WAS FILED AS A "MONELL CLAIM." SEE MONELL V.

DEP'T OF SOC. SERVS., 436 U.S. 658, 694 98 S. CT. 2018, 56 L. Ed 2d 611 (1978), HOLDING THAT AN EMPLOYING ENTITY IS LIABLE UNDER 42 U.S.C. § 1983 FOR AN OFFICIAL'S CONSTITUTIONAL VIOLATION IF THE VIOLATION WAS BASED ON THE ENTITY'S POLICY OR CUSTOM, OR IF THE OFFICIAL IS ONE WHOSE EDICTS OR ACTS MAY FAIRLY BE SAID TO REPRESENT OFFICIAL POLICY.

THE "CUSTOM OR POLICY" ALLEGED HERE AT WALTON C.I., PUTS PLAINTIFF'S LIFE OR PERSON AT RISK FOR KEEPING VICTIM & PERPETRATOR OF A PRIOR ASSAULT ON THE SAME COMPOUND, WHERE PHYSICAL PROXIMITY BETWEEN

VICTIM & PERPETRATOR IS ACCESSIBLE, CREATING A DANGEROUS CONDITION.

FINALLY, AS ALLEGED IN THE FOOTNOTES OF PG 1 OF 5 OF MAGISTRATE'S REPORT, IF COMPLAINT WAS NOT FILED ON THE CORRECT FORMS, PLAINTIFF RESPECTFULLY REQUESTS THE NECESSARY FORMS, AND PLEADS FOR LEAVE TO AMEND THE COMPLAINT.

PLAINTIFF ALSO RESPECTFULLY REQUESTS AN ORDER TO BE PROVIDED TO HIS CURRENT INSTITUTION FOR HIS 6 MONTH ACCT STATEMENT. HE HAS SUBMITTED THREE PRIOR

"INMATE REQUESTS," WITHOUT ANY OF THEM BEING ACKNOWLEDGED OR RESPONDED TO.

CONCLUSION

LEAVE GRANTED TO PROCEED IN FORMA PAUPERIS BY THE COURT, BASED ON CREDIBLE EVIDENCE OF PLAINTIFF'S IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, AS STIPULATED AS THE EXCEPTION UNDER THE PLRA, PURSUANT TO 28 U.S.C. § 1915 (g).

CERTIFICATE OF SERVICE

RICKY DIXON, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL 32399-2500

RESPECTFULLY SUBMITTED

[signature]

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED
NOV 25 2024
Department of Corrections
Inmate Grievance Appeals

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden ☐ Assistant Warden ☒ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Wilson John J. — M86-232 — Walton C.I.

Last First Middle Initial — DC Number — Institution

**Part A – Inmate Grievance** 24-6-37429

THE PREA INCIDENT OCCURRING ON FRIDAY, 11/15/24 IN CELL H1120 AT WALTON C.I., IS FAILING TO BE PROPERLY DOCUMENTED BY AND THROUGH "INMATE WITNESS STATEMENTS" IN ACCORDANCE WITH FEDERAL OR STATE OF FLORIDA LAW GOVERNING PROVISIONS UNDER PREA COMPLAINTS.

DESPITE MY VERBAL STATEMENT TO MENTAL HEALTH SERVICES SPECIALIST ON MONDAY, 11/18/24, I WAS SERVED A D.R. ON 11/19/24 @ 9:26 AM (LOG # 108-241877) FOR VIOLATION OF 6-1, "DISOBEYING A VERBAL ORDER" TO RETURN TO THE WALTON COMPOUND AFTER SUCH AN INCIDENT OCCURRED ON 11/15/24 IN CELL H1120.

I HAVE YET TO BE PLACED ON D.M. STATUS, OR REASSIGNED TO I.C.T. TO EVALUATE MY SAFETY CONCERNS RETURNING TO THE WALTON COMPOUND. THE D.R. REPORT ISSUED ON 11/19/24 IS AN ATTEMPT TO CIRCUMVENT EVENTS RELATING TO THE PREA INCIDENT OCCURRING ON 11/15/24, AND THE PREA PROTOCOLS WHICH WOULD TRIGGER MY ASSIGNMENT TO I.C.T., AND MY D.M. STATUS, NEGATING ANY D.R. FOR REFUSING HOUSING UNTIL SUCH PREA EVIDENCE CAN BE PROPERLY INVESTIGATED AND EVALUATED.

11/19/24 — [signature] M86-232

DATE — SIGNATURE OF GRIEVANT AND D.C. #

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ____ # / ____ Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED
NOV 20 2024
ASST. WARDEN PROGRAMS
WALTON C.I.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: ________ (Date) Institutional Mailing Log #: 108-2411-038 — [signature] (Received By)

108 17H
NF/DF

| DISTRIBUTION: | INSTITUTION/FACILITY | CENTRAL OFFICE |
|---|---|---|
| | INMATE (2 Copies) | INMATE |
| | INMATE'S FILE | INMATE'S FILE - INSTITUTION/FACILITY |
| | INSTITUTIONAL GRIEVANCE FILE | CENTRAL OFFICE INMATE FILE |
| | | CENTRAL OFFICE GRIEVANCE FILE |

DC1-303 (Effective 11/13) — Incorporated by Reference in Rule 33-103.006, F.A.C.

1297074

MAILED/FILED
WITH AGENCY CLERK

DEC 13 2024

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| WILSON, JOHN | M86232 | 24-6-37429 | WALTON C.I. | E1114U |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your appeal has been reviewed and evaluated. The subject of your grievance was previously referred to the PREA coordinator. It is the responsibility of that office to determine the amount and type of inquiry that will be conducted. This inquiry/review may or may not include a personal interview with you. Upon completion of this review, information will be provided to appropriate administrators for final determination and handling.

Based on the foregoing information, your appeal is returned without action.

A. Cochran

| | A. Cochran | 12/03/2024 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

JOHN J. WILSON, JR.
DC# M86-232
WALTON CORRECTIONAL INST.
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FL 32433

Mailed From A
Correctional
Institution

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES
ZIP 32433
02 7H
0006070546
$ 000.97⁰
DEC 20 2024

3:24-cv-00616-MW-HTC

CLERK OF COURT, PENSACOLA DIVISION
U.S. DISTRICT COURT
1 NORTH PALAFOX STREET
PENSACOLA, FL 32502-5658

# 7

# Order Accepting Report and Recommendation

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**JOHN J. WILSON, JR.,**

***Plaintiff*,**

**v.** **Case No.: 3:24cv616-MW/HTC**

**RICKY DIXON, et al.,**

***Defendants*.**

**___________________________/**

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 5, and has also reviewed *de novo* Plaintiff's objections, ECF No. 6. As noted in the report and recommendation, Plaintiff has failed to allege facts demonstrating an imminent harm such that Plaintiff may proceed without paying the filing fee. Plaintiff's objections include new factual allegations concerning the purported risk of imminent harm he allegedly faces. However, Plaintiff cannot amend his complaint by providing supplemental allegations in his objections. *See e.g.*, *Davis-Harrison v. Chief U.S. Probation Officer M.D. Fla.*, No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. June 7, 2024) (noting that *pro se* party cannot amend complaint by arguments made in appellate brief, or more generally on appeal, or through a response to a motion to dismiss); *Bennett v. Lynch*, Case No.: 4:11-CV-0030-HLM, 2011 WL 13138102, at *1 n.1 (N.D. Ga. Dec. 29, 2011)

(holding that *pro se* plaintiff cannot amend complaint via statements and arguments contained in objections).

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 5, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). Plaintiff may refile his claims and pay the filing fee unless he adequately alleges imminent harm in his refiled complaint. Stated otherwise, Plaintiff is not permitted to file an amended complaint in this case, but he may file a new complaint alleging imminent harm under a new case number. That is, this case is dismissed without prejudice and Plaintiff can try again. The Clerk shall enter judgment stating, "Plaintiff's complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g)." The Clerk shall close the file.

**SO ORDERED on January 6, 2025.**

**s/Mark E. Walker**
**Chief United States District Judge**

# 8

# Judgment

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**JOHN J. WILSON, JR.,**
Plaintiff,

v.

Case No.: **3:24-cv-00616-MW-HTC**

**RICKY DIXON, et al.,**
Defendant,
______________________________/

**JUDGMENT**

Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

JESSICA J LYUBLANOVITS,
CLERK OF COURT

January 6, 2025
DATE

s/ Bryston Ford
DEPUTY CLERK

# 9

# Notice of Appeal

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

Provided to Walton CI
On 2-5-25 for Mailing
Date
By (officer initials) [illegible]

1 of 3

Solton J. Wilson, JR.
PLAINTIFF

V. CASE No.: 3:24-CV-00616-MW-HTC

Ricky D. Dixon, et al.
DEFENDANTS

NOTICE OF APPEAL BASED ON PLAINTIFF UNDER IMMINENT THREAT PURSUANT TO 28 U.S.C. §1915(g), AND BEING DENIED THE RIGHT TO AMEND COMPLAINT

(1.) PLAINTIFF WAS ACCOSTED BY A SERGEANT WEBB UNDER THE INFLUENCE OF DANGEROUS NARCOTICS ON 1/24/25, WHILE PLAINTIFF WAS PEACEABLY WALKING TO HIS CHAPEL SERVICE (SHABBAT) THE AFTERNOON OF FRIDAY 1/24/25, AND TOLD HE WAS BEING ARRESTED AND PLACED IN CONFINEMENT FOR BEING, "ENTITLED," AND THAT ALL OF HIS LEGAL WORK WOULD

FILED USDC FLND PN
FEB 10 '25 AM10:37

BE "THROWN IN THE GARBAGE." PLAINTIFF IS BEING SYSTEMATICALLY TARGETED THROUGH RETALIATION FOR FILING A LAW SUIT, AND IS IN IMMINENT THREAT TO LIFE OR PERSON DUE TO THE INTEGRITY OF THE INSTITUTION BEING COMPROMISED THROUGH THE SYSTEMATIC BREAKDOWN OF THE INMATE GRIEVANCE PROCESS.

2 of 3

2. THE SUBJECT NAMED AS THE PERPETRATOR OF THE PREA INCIDENT ON 11/15/24 AS A BASIS FOR CAUSE IN THE INSTANT COMPLAINT IS STILL ON THE WALTON COMPOUND, AND PLAINTIFF ENCOUNTERED THIS INDIVIDUAL AGAIN AT THE CENTER GATE ON 2/3/25, WHERE THREATS WERE AGAIN LEVIED FOR THE FOURTH TIME SINCE SEEING THIS PERSON ON

The Walton Compound, walking freely, following the documented PREA assault on 11/15/24.

Plaintiff's only recourse barring leave to amend is to appeal.

3 of 3

Plaintiff is being systematically deprived of all law library access & supplies in collusion with the Asst. Warden of Programs, to prevent Plaintiff's access to the courts, or the documenting of such abuse and institutional corruption through the inmate grievance process.

Respectfully submitted,

[signature]

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

**JOHN J. WILSON, JR.,**
Plaintiff,

v.

Case No.: **3:24-cv-00616-MW-HTC**

**RICKY DIXON, et al.,**
Defendant,
_______________________________/

## JUDGMENT

Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

JESSICA J LYUBLANOVITS,
CLERK OF COURT

January 6, 2024
DATE

s/ Bryston Ford
DEPUTY CLERK

John J. Wilson, Jr.
DC# M86-232
Walton Correctional Institution
691 Institution Road
DeFuniak Springs, FL 32433

Mailed From Walton Correctional Institution

PENSACOLA FL 325
6 FEB 2025 PM

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 32433
02 7H
0006070546
$ 000.69⁰
FEB 05 2025

FEB 10 2025

Clerk of Court
U.S. District Court (Pensacola Division)
1 N. Palafox Street
Pensacola, FL 32502

32502-565599

(Case No.: 3:24-cv-00616-MW-HTC)

Provided to Walton CI
On 8·5·25 for Mailing
Date
By (officer initials) 8A

Respectfully submitted,

**JAMES UTHMEIER**
**ATTORNEY GENERAL**

/s/Caitlin Wilcox
Caitlin Wilcox
Assistant Attorney General
Florida Bar No. 111815
Office of the Attorney General
3507 E. Frontage Road, Suite 200
Tampa, Florida 33607
T- (813) 233-2880
F – (813) 281-1859
Caitlin.Wilcox@myfloridalegal.com
*Attorney for Intervenor-Appellee*
*Ricky Dixon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 10, 2025, the foregoing Appendix Volume I was electronically filed with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Caitlin Wilcox
Caitlin Wilcox
Assistant Attorney General