**No. 25-10415**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**JOHN J. WILSON JR.**,

Plaintiff-Appellant,

v.

**SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, RALPH, ASSISTANT WARDEN WALTON CI, COLONEL JACKSON, WALTON CI, MARQUIS, INSPECTOR OF WALTON CI, POLICE CHIEF OF DEFUNIAK SPRINGS**,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Florida, Docket No. 3:24-cv-00616-MW-HTC

---

# PLAINTIFF-APPELLANT JOHN J. WILSON JR.'S SUPPLEMENTAL REPLY BRIEF

---

**KOBRE & KIM LLP**
Zachary Sizemore
Zachary.Sizemore@kobrekim.com
(212) 488-1200
800 Third Avenue, New York,
New York 10022

*Attorney for Appellant John J. Wilson Jr.*

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Circuit Rule 26.1-1(a)(1), Appellant provides the following list of persons and entities known to have an interest in the outcome of this appeal:

1. Cannon, Hon. Hope Thai
2. Dixon, Ricky
3. Florida Department of Corrections
4. Florida Office of the Attorney General
5. Hurley Jr., James
6. Jackson, First Name Unknown
7. Kobre & Kim LLP
8. Marquis, Inspector
9. Palardy, Daniel, Senior Assistant Attorney General, Florida Attorney General
10. Ralph, Amanda
11. Sizemore, Zachary
12. Uthmeier, James, Florida Attorney General
13. Walker, Hon. Mark E.
14. Wilcox, Caitlin, Assistant Attorney General, Florida Attorney General
15. Wilson Jr., John

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT ..... ii

TABLE OF AUTHORITIES ..... iv

ARGUMENT ..... 1

I. Intervenor-Appellee's Response Is Largely Irrelevant to the Court's Question ..... 1

II. Intervenor-Appellee Offers Almost No Response to the Supplemental Brief ..... 4

III. The Fact Mr. Wilson Had the Right to Amend Does Not Weigh in Favor of Affirmance ..... 7

CONCLUSION ..... 8

CERTIFICATE OF COMPLIANCE ..... 9

## TABLE OF AUTHORITIES

### Cases

*Barksdale v. King*,
699 F.2d 744 (5th Cir. 1983)........................................................................3
*Bonner v. City of Prichard*,
661 F.2d 1206 (11th Cir. 1981)....................................................................3
*Brown v. Johnson*,
387 F.3d 1344 (11th Cir. 2004)................................................................3, 7
*Carvelli v. Ocwen Fin. Corp.*,
934 F.3d 1307 (11th Cir. 2019)....................................................................5
*Chabad Chayil*, I*nc. v. Sch. Bd. of Miami-Dade Cnty., Fla.,*
48 F.4th 1222 (11th Cir. 2022)......................................................................5
*Davis-Harrison v. Chief United States Prob. Officer Mid. Dist. of Fla.*,
2024 WL 2874046 (11th Cir. June 7, 2024) ...............................................5, 6
*In re Parrott*,
118 F.4th 1357 (11th Cir. 2024)....................................................................5
*Jacoby v. Lanier*,
850 F. App'x 685 (11th Cir. 2021)................................................................6
*Kaden v. Slykhuis*,
651 F.3d 966 (8th Cir. 2011)........................................................................6
*McGruder v. Phelps*,
608 F.2d 1023 (5th Cir. 1979)......................................................................6
*Moler v. Wells*,
18 F.4th 162 (5th Cir. 2021) ....................................................................5, 6
*Newsome v. Chatham Cnty. Det. Ctr.*,
256 F. App'x 342 (11th Cir. 2007)................................................................6
*Newton v. Duke Energy Fla., LLC*,
895 F.3d 1270 (11th Cir. 2018)....................................................................5
*Oliver v. Fuhrman*,
695 F. App'x 436 (11th Cir. 2017)................................................................6
*Stringer v. Jackson*,
392 F. App'x 759 (11th Cir. 2010)................................................................6

*Thornton v. Phillips Cnty., Ark.*,
240 F.3d 728 (8th Cir. 2001)....................................................................6
*Woodall v. Foti*,
648 F.2d 268 (5th Cir. 1981)........................................................ 2, 3, 5, 6
*Wright v. El Paso Cnty. Jail*,
642 F.2d 134 (5th Cir. 1981)........................................................ 2, 3, 5, 6

**Rules**

Fed. R. Civ. P. 7(b)..........................................................................................4
Fed. R. Civ. P. 15(a)........................................................................................7

This Court ordered supplemental briefing on whether Plaintiff-Appellant John J. Wilson "adequately moved to amend his complaint . . . by objecting to the magistrate judge's report." Doc. 10 at 2. Intervenor-Appellee Secretary Ricky Dixon dedicates the majority of his Answer Brief (the "Response") to issues that are completely irrelevant to that question. What little briefing Intervenor-Appellee puts forward on that issue concedes, in fact, that "Mr. Wilson requested the court's leave [to amend]" while not offering a single response to the host of caselaw cited in Mr. Wilson's Supplemental Brief. Doc. 26 at 7. Instead, Intervenor-Appellee simply cites the same authority in the district court's dismissal order (a single unpublished case) and a few cases Appellant addressed in his Supplemental Brief. Intervenor-Appellee does not even acknowledge Mr. Wilson's arguments as to those cases. That Intervenor-Appellee largely ignores the Court's question and the Supplemental Brief is telling—he has almost no response to either. This Court should hold that Mr. Wilson adequately moved to amend his Complaint and reverse the district court.

## ARGUMENT

### I. Intervenor-Appellee's Response Is Largely Irrelevant to the Court's Question

Rather than address the only question relevant to supplemental briefing, Intervenor-Appellee begins his Response with a scattershot of arguments that are either irrelevant, wrong on their own merits, or both.

First, Intervenor-Appellee begins by arguing that Mr. Wilson's Complaint did not adequately allege he faced imminent danger of serious physical injury. Resp. at 4–5. Whether Mr. Wilson sufficiently alleged an imminent danger of serious physical injury, however, has no relevance to whether he adequately moved to amend his Complaint to add the new factual allegations Intervenor-Appellee acknowledges Mr. Wilson included "in the Objection[s]." Resp. at 5. Nonetheless, prior to the appointment of the undersigned, Mr. Wilson addressed whether he sufficiently alleged imminent danger of serious physical injury. *See* Doc. 7 at 5.

Second, Intervenor-Appellee then tries to sidestep the supplemental briefing by arguing that the district court "correctly found that Mr. Wilson could not amend his complaint" through his Objections. Resp. at 5. This misses the mark twice over. At the threshold, that is not the question this Court ordered supplemental briefing on, which is whether Mr. Wilson adequately *moved* to amend his Complaint in his Objections. Doc. 10 at 2. Moreover, while this Court only needs to determine that Mr. Wilson moved to amend through his Objections in order to reverse the district court, as explained in the Supplemental Brief courts have treated *pro se* filings similar to the Objections as amendments to the pleadings. *See Wright v. El Paso Cnty. Jail*, 642 F.2d 134, 135 n.1 (5th Cir. 1981) (construing a "Motion in Support of 1983 42 U.S.C. Civil Complaint" as an amendment to the complaint); *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981) (treating *pro se* litigant's letters to district

judge as amendment or addition to the complaint); *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) (holding that district court should have treated an "'Opposition to Magistrate's Report and Recommendation' . . . as an amendment to appellant's complaint"). The Response neither grapples with nor even acknowledges the existence of these cases—two of which are this Court's own precedents. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting decisions of the Fifth Circuit decided prior to October 1, 1981 as precedent); *Wright*, 642 F.2d at 134 (decided April 8, 1981); *Woodall*, 648 F.2d at 270 (decided June 16, 1981).

Third and finally, Intervenor-Appellee ends this portion of his Response with the bold claim that the district court "effectively grant[ed] Mr. Wilson leave to amend by dismissing the complaint without prejudice." Resp. at 6; *see also* Resp. at 8 (arguing that Mr. Wilson "essentially received the requested relief because Mr. Wilson is permitted to refile his complaint"). Of course, that is not the law. This Court has reversed in nearly identical circumstances; namely, when a district court dismissed a *pro se* prisoner's complaint under the relevant screening provisions when the plaintiff was entitled to amend his complaint. *See, e.g.*, *Brown v. Johnson*, 387 F.3d 1344, 1347, 1352 (11th Cir. 2004) (holding district court abused its discretion by dismissing complaint without prejudice when prisoner litigant was entitled to amend his complaint). The district court's dismissal was not equivalent to the opportunity to amend Mr. Wilson's Complaint, particularly when

Intervenor-Appellee concedes Mr. Wilson was entitled to this when he filed the Objections. *See* Resp. at 9 (acknowledging that Mr. Wilson had the right to amend at the time he filed his Objections).

## II. Intervenor-Appellee Offers Almost No Response to the Supplemental Brief

As explained in the Supplemental Brief, Mr. Wilson complied with both Rule 7(b) and this Court's precedents when he filed his written Objections and, therefore, should have been granted the opportunity to amend his Complaint. *See* Supplemental Brief at 8; *see also* Fed. R. Civ. P. 7(b) (requiring only that a motion be in writing, state with particularity the grounds for relief, and state the relief sought). Intervenor-Appellee's Response merely repeats the requirements of Rule 7(b) without any attempt to explain how Mr. Wilson did not satisfy them. Instead, the Response acknowledges that "Mr. Wilson requested the court's leave [to amend] in a sentence in his objection." Resp. at 7. Nor does Intervenor-Appellee address—or once again even acknowledge—the decisions from this Court and two of its sister Circuits that have construed objections to a report and recommendation and similar filings as either motions to amend the pleadings or as amendments themselves. *See* Supplemental Brief at 8–12. For the reasons in the caselaw cited, this Court should reverse the district court. *Id.*

The only portion of the Response that directly addresses the question relevant to supplemental briefing only cites this Court's unpublished decision in

*Davis-Harrison v. Chief United States Prob. Officer Mid. Dist. of Fla.*, No. 22-14334, 2024 WL 2874046 (11th Cir. June 7, 2024), and the cases cited therein, merely stating that this Court "has repeatedly affirmed district courts that declined to allow a plaintiff to amend their complaint when the plaintiff failed to submit a motion to amend." Resp. at 7 (citing *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 48 F.4th 1222, 1236 (11th Cir. 2022); *Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1332 n.17 (11th Cir. 2019); *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018)). Mr. Wilson has addressed these authorities. As Mr. Wilson already explained, neither *Chabad Chayil*, *Carvelli*, nor *Newton* "addressed objections to a report, nor did any involve a *pro se* plaintiff." Supplemental Brief at 12 n.6.

The fact none of *Chabad Chayil*, *Carvelli*, or *Newton* involved a *pro se* plaintiff is significant because, as Intervenor-Appellee acknowledges, courts hold such plaintiffs to a less stringent standard than counseled plaintiffs. *See, e.g.*, *In re Parrott*, 118 F.4th 1357, 1363 n.2 (11th Cir. 2024); *see also* Resp. at 6 (acknowledging that "pro se litigants' filings are liberally construed"). In line with that less stringent standard, this Court and two of its sister circuits have treated *pro se* filings as either motions to amend or amendments themselves even when those filings were less explicit than Mr. Wilson's request to amend his complaint. *Wright*, 642 F.2d at 135 n.1; *Woodall*, 648 F.2d at 272; *Moler v. Wells*, 18 F.4th 162, 167–68

(5th Cir. 2021); *Thornton v. Phillips Cnty.*, *Ark.*, 240 F.3d 728, 729 (8th Cir. 2001); *Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011); *see also McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979) ("In view of the liberality accorded to the pleadings of [p]ro se petitioners . . . the district judge should have treated the materials filed by plaintiff[,] . . . however denominated, as an amendment to his complaint or an addition in the nature of an amendment."). Again, Intervenor-Appellee does not acknowledge this fact and does not respond to those authorities whatsoever.

Moreover, as addressed in the Supplemental Brief, *Davis-Harrison* does not support affirming the district court. This single, nonprecedential decision is contrary to decisions from both this Circuit and others. *See Wright*, 642 F.2d at 135 n.1; *Woodall*, 648 F.2d at 272; *Moler*, 18 F.4th at 167–68; *Thornton*, 240 F.3d at 729; *Kaden*, 651 F.3d at 968. And other nonprecedential decisions contrary to *Davis-Harrison* further support that the district court should have allowed Mr. Wilson to amend his complaint. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007); *Oliver v. Fuhrman*, 695 F. App'x 436, 439 (11th Cir. 2017); *Stringer v. Jackson*, 392 F. App'x 759, 760–61 (11th Cir. 2010); *Jacoby v. Lanier*, 850 F. App'x 685, 687 n.2 (11th Cir. 2021).

Thus, the district court erred when it did not provide Mr. Wilson an opportunity to amend his Complaint.

## III. The Fact Mr. Wilson Had the Right to Amend Does Not Weigh in Favor of Affirmance

Intervenor-Appellee ends by arguing that the fact Mr. Wilson had a right to amend his Complaint and therefore could have simply filed an amended complaint without seeking leave weighs in *favor* of affirming the district court's decision. Resp. at 9–10. Intervenor-Appellee's own citation to this Court's decision in *Brown*, however, demonstrates the error this argument. In *Brown*, this Court reversed the district court's dismissal without prejudice where the *pro se* prisoner plaintiff filed a motion to amend his complaint despite the fact that the plaintiff still had the right to amend under Rule 15(a). *See Brown*, 387 F.3d at 1349. The Court should do the same here.

## CONCLUSION

Accordingly, Mr. Wilson adequately moved to amend his Complaint and thereby invoked his right to amend under Rule 15(a). This Court should reverse the district court's dismissal order.

Respectfully submitted,

/s/ *Zachary Sizemore*

**KOBRE & KIM LLP**
Zachary Sizemore
Zachary.Sizemore@kobrekim.com
(212) 488-1200
800 Third Avenue, New York,
New York 10022

*Attorney for Appellant John J. Wilson Jr.*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f) and 11th Cir. R. 32-4, this document contains 1,621 words. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word, in 14-point Times New Roman font.

/s/ *Zachary Sizemore*

**KOBRE & KIM LLP**
Zachary Sizemore
Zachary.Sizemore@kobrekim.com
(212) 488-1200
800 Third Avenue, New York,
New York 10022

*Attorney for Appellant John J. Wilson Jr.*